# Werneberg, Appellant, *v.* Pittsburg.

*Contract—Municipal contract—Arbitration—Director of public works as arbitrator—Effect of director retiring from office.*

Where a municipal contract provides that all matters in dispute shall be submitted to the director of the department of public works whose decision shall be final, and it appears that after the work under the contract was completed a dispute arose, and the director then in office sat as an arbitrator and heard testimony, but before rendering his decision was removed from office, and then refused to take any further action as arbitrator,

the arbitration clause became a nullity, and the jurisdiction of the courts attached. In such a case as soon as the director assumed to act as an arbitrator, he did so not only as an official, but also as an individual, and although removed from office, he should have concluded the arbitration by rendering his decision.

*Contracts—Municipal contracts—Arbitration clause—Measurement clause —Director of public works.*

An arbitration clause in a municipal contract provided that: "in case any question or dispute shall arise between the parties of the second part hereto and the said city, party of the first part hereto under the said plans, drawings, descriptions, general specifications, general conditions or terms of this contract, respecting the quality, or value of the work or labor done, or materials furnished or to be done or furnished, or any of the terms, stipulations, covenants or agreements herein contained, or respecting any claim for extra work, or respecting any matter pertaining to this contract, or any part of the same, said question shall be referred to the director of the department of public works of the city, whose decision thereon shall be final, binding and conclusive upon all parties, without exception or appeal, and all right or rights of any action at law or in equity under and by virtue of this contract, and all matters connected with and relative to the same are hereby expressly waived by the parties of the second part." The measurement or estimate clause was, inter alia, as follows: "It being expressly understood and agreed by the parties hereto that the measurements shall be taken after the completion of the work, and the estimate and certificate of the director of the department of public works shall be final and conclusive evidence of the amount of work performed by the said contractor under and by virtue of this agreement, and shall be taken as the final measure of compensation to be received by the contractor, without the right of exception or appeal." On the completion of the work the director made a final estimate and found a small balance due the contractors. The latter presented to the director a claim against the city for damages growing out of the contract over and above the contract price. The director, after notice to the parties, sat as arbitrator and heard the claim. Before he made his award he was removed from office, and then declined to complete the arbitration by rendering a decision. A subsequent director, after notice to the parties, sat as arbitrator, but the contractors refused to attend or to submit to the decision which he rendered. Subsequently the contractors brought an action to recover the damages which they claimed. A verdict was rendered in their favor subject to the question of law reserved whether there was any evidence which entitled them to recover. Subsequently the court entered judgment for defendant non obstante veredicto. *Held* (1) that as the first director had unjustifiably refused to render his decision after his removal from office, the arbitration failed and the jurisdiction of the courts attached; (2) that the measurement clause and the arbitration clause were not inconsistent with each other, inasmuch as the former applied merely to the measurement of the amount of work performed while the latter applied to "any question of dispute" between the parties growing out of the contract; (3) that the final estimate of the director was not conclusive; (4) that the award made by the second director was irrelevant and inad-

missible in evidence; (5) that in reversing the judgment it was not proper under the circumstances to enter judgment on the verdict, but that a new trial should be directed.

DEAN, BROWN and POTTER, JJ., dissent.

Argued Oct. 25, 1904. Appeal, No. 80, Oct. T., 1904, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1901, No. 300, for defendant non obstante veredicto in case of Werneberg, Sheehan & Co. to use of Peoples National Bank of Pittsburg v. City of Pittsburg. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Assumpsit on a municipal contract. Before FRAZIER, P. J. The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were (1) in entering judgment for defendant non obstante veredicto; (2) in admitting the award of Dr. J. Guy McCandless.

*Thomas Patterson* of *Patterson, Sterrett & Acheson*, with him *Wm. W. Wishart* and *John W. Kephart*, for appellants.—The whole purpose and effect of the decisions in Pennsylvania upon a contract of this sort is to hold that the parties may, by their contract, refer their disputes either to a particular person or to a particular tribunal, which is determined on in advance, and this becomes a part of the contract. These persons or this tribunal become vested with as ample jurisdiction as the courts would have in determining disputes which may arise, if the contract has so provided. The certainty of the person or tribunal, however, is essential. Where a person is named, and he dies, resigns, or refuses to act, unless the contract has provided for the filling of his place, the provision becomes nugatory, and the jurisdiction of the court revests. Where a tribunal is named, that is, a person who, by virtue of a certain office is to decide the dispute, then the person who occupies the office which is named at the time the dispute arises becomes the judge under the contract, and takes jurisdiction of the case. This latter point appears to be squarely ruled in the case of North Lebanon R. R. Co. v. McGrann, 33 Pa. 530.

We submit that the court blended two very ordinary and

customary clauses in contracts, giving to each the effect of both, when, in point of fact, the arbitration clause is and always has been the place for settlement of substantive disputes which grow out of the construction of the contract, breaches of the contract, or any act of one of the parties to the contract which has caused loss or damage to the other. This is the clause which, in other jurisdictions, is stricken down as ousting the jurisdiction of the courts. It is the clause which determines the question of liability. The measurement or appraisal clause is an entirely different thing. Its purpose is to have the work properly measured, and that measurement must be taken as final. This appraisal or measurement clause, dealing only with the numerical details of the work is held in all other jurisdictions to be a competent provision in the contract.

We submit that if the foregoing reasoning is correct, and the court had jurisdiction of this case, the award of Dr. McCandless had no more place on the record and no more relevance to any issue than would a letter or oral expression of opinion by that gentleman, as to the merits of the controversy at hand.

*William Watson Smith,* with him *T. D. Carnahan,* assistant city solicitors, for appellee.—The director's final estimate and other plain provisions of the contract specifically preclude a recovery: Hartupee v. Pittsburg, 97 Pa. 107; Bryant v. Stilwell, 24 Pa. 314.

The arbitration clause is a bar to the action: Monongahela Navigation Co. v. Fenlon, 4 Watts & Sergeant, 205; Jenks v. Fritz, 7 Watts & Sergeant, 201; McGheehen v. Duffield, 5 Pa. 497; Faunce v. Burke & Fonder, 16 Pa. 469; Lauman v. Young, 31 Pa. 306; North Lebanon R. R. Co. v. McGrann, 33 Pa. 530; Reynolds v. Caldwell, 51 Pa. 298; Mentz v. Insurance Co., 79 Pa. 478; Hartupee v. Pittsburg, 97 Pa. 107; Hostetter v. Pittsburg, 107 Pa. 419; Commercial Union Assurance Co. v. Hocking, 115 Pa. 407; Kennedy v. Poor, 151 Pa. 472, 474; Gowen v. Pierson, 166 Pa. 258, 264.

The removal of director Wilson was not a waiver of the arbitration clause of the contract: Houseman v. Com., 100 Pa. 222.

Even if this court decides the law of this case in favor of plaintiffs, a new trial should not be granted but judgment

should be entered on the verdict: Freiler v. Kear, 126 Pa. 470 ; Fisher v. Scharadin, 186 Pa. 565 ; Ellis v. Guggenheim, 20 Pa. 287 ; Farrington v. Woodward, 82 Pa. 259 ; Galbraith v. Zimmerman, 100 Pa. 374 ; Lerch v. Snyder, 112 Pa. 161 ; Vulcanite Paving Co. v. Ruch, 147 Pa. 251 ; Huling v. Henderson, 161 Pa. 553.

OPINION BY MR. JUSTICE MESTREZAT, December 31, 1904:

W. E. Howley & Company by a contract in writing dated September 16, 1896, agreed with the city of Pittsburg to construct a street in the city, known as Grant Boulevard, beginning at Seventh avenue and extending to Center avenue, a distance of about three miles. Howley & Company failed to begin the work, and on November 19, 1896, the contract, with the consent of the city and the surety of Howley & Company, was assigned to Werneberg, Sheehan & Company, the legal plaintiffs and appellants, who began the work on November 23, 1896, and completed it on March 26, 1901. The contract provided that the work should be commenced October 1, 1896, and be completed on or before May 1, 1898 which was subsequently extended until October 1, 1898. During the progress of the work, the plaintiffs were paid by the city from time to time according to the contract price on estimates of the amount due made by the director of the department of public works. On the completion of the street, March 26, 1901, the director made a final estimate of the entire work done and materials furnished under the contract and found a balance of $6,715.29 due the plaintiffs.

The contract contains two clauses relating respectively to arbitration and to measurements which bear upon the questions raised on this appeal. The arbitration clause provides that "in case any question or dispute shall arise between the parties of the second part hereto and the said city of Pittsburg, party of the first part hereto, under the said plans, drawings, descriptions, general specifications, general conditions or terms of this contract, respecting the quality, quantity, or value of the work or labor done, or materials furnished or to be done or furnished, or any of the terms, stipulations, covenants or agreements herein contained, or respecting any claim for extra work, or respecting any matter pertaining to this contract, or

any part of the same, said question shall be referred to the director of the department of public works of the city of Pittsburg, whose decision thereon shall be final, binding and conclusive upon all parties, without exception or appeal, and all right or rights of any action at law or in equity under and by virtue of this contract, and all matters connected with and relative to the same are hereby expressly waived by the parties of the second part." The measurement or estimate clause is, inter alia, as follows: " It being expressly understood and agreed by the parties hereto that the measurements shall be taken after the completion of the work, and the estimate and certificate of the director of the department of public works shall be final and conclusive evidence of the amount of work performed by the said contractor under and by virtue of this agreement and shall be taken as the full measure of compensation to be received by the contractor, without the right of exception or appeal."

At the time of the execution of the contract Edward M. Bigelow was the director of public works of the city of Pittsburg and continued in office until June 11, 1900, when he was succeeded by George W. Wilson, who held the office until June 11, 1901, when he was removed by the recorder of the city and was succeeded by his predecessor, Mr. Bigelow, who continued in office until November 25, 1901, and was then succeeded by J. Guy McCandless, who held the office until April 1, 1903, when he was succeeded by Mr. Bigelow who was again appointed and has since continued to hold the office.

On the completion of the work in March 1901, the plaintiffs submitted to George W. Wilson, then director of the department of public works, a claim against the city for damages growing out of the contract and over and above the contract price of the work, aggregating $384,944.07. On April 6, 1901, director Wilson, after notice to the parties, sat as arbitrator under the terms of the contract and heard the claims of the plaintiffs and defendant. Before the director made his award, however, he was removed from office by the recorder of the city on June 11, 1901, and thereafter declined to complete the arbitration by rendering a decision upon the matters submitted to and heard by him. On May 12, 1902, more than a year after the work had been completed and the final estimates of the

amounts due according to the contract price had been made, J. Guy McCandless, then director of the department of public works, notified the parties that he would sit as arbitrator to determine the dispute between them under the arbitration clause of the contract. The plaintiffs denied his authority to sit as arbitrator and refused to appear before him. The director, however, proceeded with the arbitration and after hearing the testimony offered by the city and considering the proofs filed by the plaintiffs with director Wilson at the former arbitration, made a decision in writing on February 10, 1903, awarding to the plaintiffs the sum of $34,120.

The plaintiffs brought this action July 31, 1901, to recover the claim for damages which they had submitted to director Wilson for adjustment under the arbitration clause of the contract. A verdict was rendered for the plaintiffs for $134,427.64, increased by agreement to $140,040.41, subject to the question whether there was any evidence which entitled the plaintiffs to recover. Subsequently, the trial court entered judgment non obstante veredicto in favor of the defendant, holding that the arbitration clause vested jurisdiction in the director of the department of public works and that the proceedings before director Wilson were incomplete at the time he was removed from office and that thereafter he had no authority to make a decision; and further that the adjudication of director McCandless was final and conclusive on both parties and estops the plaintiffs from maintaining this action. The learned judge further held that if he were in error as to the effect of the arbitration clause of the contract, the final estimate clause would prevent the plaintiffs from recovering in the action. These are the two reasons assigned by the court for entering judgment for the defendant.

The errors complained of on this appeal are the entering of judgment non obstante veredicto for the defendant and in admitting in evidence on the trial of the cause, against the objection of the appellants, the award of director McCandless. The appellants contend that as the dispute between the parties arose while George W. Wilson was director of the department of public works, and it having been submitted to, and heard by, him and he having been removed from office by the city before making an adjudication and thereafter declin-

ing to make a decision, the common-law jurisdiction of the courts attached. It is denied by the appellants that the measurement clause of the agreement prevents them from demanding and recovering the damages claimed in this action as held by the trial court.

1. The first and controlling question for determination is the effect to be given to the reference of the matters in dispute to director Wilson and his failure to make a decision thereon. The learned trial judge held that as Wilson was removed before he made an adjudication his authority to act as arbitrator was terminated, and that "what he did in the matter amounted to nothing and made no change in the rights of the parties." It is well settled in this state that parties to an executory contract may agree to submit their differences arising out of the contract to a person or tribunal named, whose decision or award shall be final, and that when they do so they cannot seek redress elsewhere until the arbiter agreed upon has been discharged, either by the rendition of an award or otherwise : Commercial Union Assurance Co. v. Hocking, 115 Pa. 407. It is conceded that the arbitration clause in the contract under consideration is valid, and required a reference of the dispute to the director of the department of public works as a condition precedent to the right to sue at law. It must also be admitted that had director Wilson made an adjudication before his removal it would have been binding on both parties. Did his removal from office by the city recorder after the dispute had been submitted to, and heard by, the director deprive him of the authority to complete his duties as arbitrator by making an award ? We think not. The arbitration clause provides, as we have seen, that "In case any question or dispute shall arise between the parties, . . . . said question shall be referred to the director of the department of public works of the city of Pittsburg, whose decision thereon shall be final, binding and conclusive upon all parties." In referring their differences to director Wilson, it is conceded that the parties complied strictly with this provision of their contract. It designates the official to whom the differences between the parties shall be referred, and he is the individual who holds the official position of director of the department of. public works of the city when the adjudication is demanded : North Leba-

non Railroad Co. v. McGrann, 33 Pa. 530; Connor v. Simpson, 7 Atlantic Repr. 161. When the dispute arises and the adjudication is called for, the official assumes the position of arbitrator, and his jurisdiction as an individual over the subject-matter of the dispute attaches. He is then the court of the parties whose jurisdiction is conferred by their written contract. The authority to hear and determine the differences between the parties has then vested in a particular individual, and thereafter is in the person and not in the official as such. He then holds two positions : one, director of the department of public works; the other, arbitrator to adjust the dispute between the city and the contractors. The duties of the two positions are separate and distinct, and are in no way interdependent upon each other. The contract invests him with the authority he has assumed, and thereafter neither party can revoke it or prevent him from exercising it, unless the party by so doing is permitted to annul the covenants of his agreement. Having been called upon by the parties to adjust their differences and having entered upon his duties as arbitrator, Wilson's jurisdiction attached by express authority of the litigants, and he must perform these duties regardless of whether he continues to hold his official position with the city or not. The severance of his relations with the city as director, by resignation or removal, is the end of his authority as such, but it cannot affect his position as arbitrator, the duties of which he has then assumed, and which are those of the individual and not those of the director of the department of public works. The parties unquestionably might have provided by proper stipulations in their agreement for the contingency that has arisen here, and that, upon the director's retirement from office, the unfinished part of his duties as arbitrator should be completed by his successor in the office of director, but no provision of that character appears in the contract and we cannot, by construction, insert it in the instrument. Here the dispute had not only been referred to director Wilson but the parties had submitted to him all their proofs, and he had fully heard them, and the only other act to be performed by him in the discharge of his duties as arbitrator was to announce his decision. In the language of Chief Justice AGNEW, in Paist v. Caldwell, 75 Pa. 161, "Un-

der such circumstances, it was not in the power of the defendant at the last moment and after the referees had gone far into the case, suddenly to give a notice of revocation and avert a result;" neither could the arbitrator, it may be added, by declining to make an award accomplish the same result, or clothe another director with the power and authority to hear and determine the dispute which had been referred to Wilson in conformity with the arbitration clause of the agreement.

The dispute having been properly submitted to director Wilson, it was his duty to adjust the differences of the parties and make an award, and having failed or declined to do so, the power to make an adjudication under the clause of the contract was exhausted and the jurisdiction of the courts attached. Thereafter, if either party desired to enforce against the other a claim for a breach of the contract, he was compelled to resort to an action at law.

If the contention of the court below and the appellee be correct that the decision must be rendered by a person at the time holding the position of director, it would be in the power of the city authorities to control the award by making the necessary changes in the office of director of the department of public works. In this case there is no allegation that Wilson was removed for any cause connected with his duties as arbitrator. But the city charter authorizes the mayor at his pleasure to remove the director and it requires no stretch of the imagination to see how this power may be wielded so as to do great injustice to the other party to contracts of this character. The facts as stated above will disclose how frequent have been the changes in the individuals who have held the office of director of the department of public works in the city of Pittsburg. In less than three years four incumbents of that office have resigned or have been removed and their places filled by an appointment made by the mayor. Justice and fairness therefore require that unless the agreement between the city and its contractor expressly or by clear implication shows such to be the intention of the parties, the contract should not be construed so as to afford the mayor an opportunity to control the award provided for in the arbitration clause of the agreement by exercising his statutory authority of removal from office of the director of the department of public works,

The learned trial judge was of opinion that North Lebanon Railroad Co. v. McGrann, 33 Pa. 530, ruled this case in favor of the defendant. But in this we think he is in error. In that case the agreement between the company and the contractor provided that the decision of the chief engineer should be final and conclusive in any dispute that might arise between the parties to the contract. After the completion of the road and one Worrell, who had been the chief engineer of the company during the progress of the work, had left the service of the company, a dispute arose as to the amount due the contractors. The latter, against the objection of the company, referred the dispute under the arbitration clause of the contract to Worrell who made an award in favor of the contractors. Suit having been brought on the award, this court held that as the engineer had resigned before the adjudication was called for, he was without jurisdiction in the matter. The difference between that case and the one at bar is apparent. There the contract required the dispute to be referred to the chief engineer but at the time of the reference to Worrell he had severed his relations with the company and no longer held the position and hence was not " competent by virtue of his office " to act as arbitrator. Here, the contract provided that the differences should be referred to the director of the department of public works which position Wilson held when the dispute arose and was referred to him and he heard the parties. Nor do we agree that the opinion in the McGrann case sustains the position of the trial court in this case. It is there said that " he alone could have awarded who was in office when the adjudication was called for." The subsequent suggestion in the opinion of the court that the company had the right to have the claim determined by an arbitrator who at the time of deciding should stand in an official relation to it, when read in connection with the language of the opinion quoted above, makes it apparent, as suggested in the argument of counsel, that the learned justice who delivered the opinion regarded the hearing and decision by the arbitrator as practically contemporaneous acts.

We are of the opinion that the disputes between the parties here were properly referred to director Wilson under the arbitration clause of the contract and that he having heard

their claims and proofs and having thereafter declined to make an award the jurisdiction of the courts attached and that the plaintiffs were then at liberty to bring this suit.

2. The learned trial judge placed an erroneous construction upon the measurement clause of the contract. His interpretation of the clause in question, as suggested in the argument, entirely eliminates the arbitration clause from the contract and renders it wholly ineffective and useless. We cannot presume that such was the intention of the parties and unless the language of the instrument forbids, we must hold both clauses to be operative. Under the measurement clause, it was the duty of the director to measure the work and upon that measurement to estimate, according to the contract price, the amount of compensation due the contractors for the work performed. This the director did from time to time during the progress of the work and the estimates were paid the contractors, except the last, which was made after the completion of the boulevard. The clause of the contract in question provides that " the estimate and certificate of the director of the department of public works shall be final and conclusive evidence of the amount of work performed by the said contractor under and by virtue of this agreement, and shall be taken as a full measure of compensation to be received by the contractor, without the right of exception or appeal." What is final and conclusive on the parties under this clause are the estimate made by the director from his measurements and his certificate as to the " amount of work performed " and " the compensation to be received " therefor by the contractors according to the contract price. There is no " right of exception or appeal " by either party to or from the decision of the director on these matters. Both parties are concluded. But save as to these matters, the jurisdiction of the director under this clause does not extend to " any question or dispute " between the parties growing out of the contract. The arbitration clause, unless otherwise stipulated in other clauses of the contract, must be invoked for the adjustment of such questions by the director in his capacity as arbitrator. There is no conflict between the two clauses. They are entirely consistent with each other. The duty and authority of the director under each clause are clearly defined and the purpose of each is plainly disclosed. We therefore

think the trial judge erred in holding that "the clause in regard to the final estimate of work done will . . . . prevent plaintiff from recovering in this case." In submitting the disputes of the parties to director McCandless in 1902 under the arbitration clause, it is apparent that the city officials were then of the opinion that the measurement clause did not prevent the plaintiffs from submitting to an arbitrator for his decision the disputes arising out of the claims which had been referred to director Wilson and for which this action was brought.

3. On the theory on which the case was tried in the court below, the award made by director McCandless, more than a year after this action was brought, was clearly irrelevant to the issue being tried and should not have been admitted as evidence. The learned judge having held on the trial of the cause that the court had jurisdiction, the award and its findings were not admissible in evidence for any purpose. And under our view of the legal effect of the reference proceedings before director Wilson, as expressed above, the McCandless award should have been excluded from the consideration of the jury. It was wholly immaterial whether an award had been made by him as director of the department of public works or what his findings were. The jurisdiction of the court having attached, the matters in dispute between the parties were to be adjudicated by a court and jury as though the arbitration clause of the contract had never had any existence.

The learned counsel for the appellee contend that if we should hold with the appellants on the law of the case, that a new trial should not be ordered but that judgment should be entered for the plaintiffs on the verdict. We, however, do not intend to assume the duties of the trial court and the jury and determine the law and the facts of the case. The judgment we are reviewing was entered upon the verdict as an entirety and not upon the findings of the jury on the separate items of the appellants' claim. This is not the city's appeal and the record discloses no alleged errors of which it can complain here. But aside from these considerations, we think the error committed by the court in admitting in evidence the McCandless award requires us to direct the case to be tried again. We are by no means satisfied that the admission of

this testimony was harmless error, notwithstanding the learned judge on the motion to strike out the testimony said he would "limit the award to the extent merely that it shows that director McCandless sat as an arbitrator under the contract and made an award." What effect the award had on the jury is, of course, not known. But in connection with the offer, it appeared by the testimony of director McCandless that the appellants refused to appear before him and submit any testimony to him as arbitrator, thereby denying his authority to adjust the differences between them and the city. Admitting the award under these circumstances when offered by the city may have discredited the claim of the appellants with the jury; the claim was $384,000, while the verdict was about $134,000, or a little above one third of the appellants' demand. The importance of the case to both parties seems to require another trial, unembarrassed by the legal question settled by this appeal.

The judgment is reversed with a venire facias de novo.

MR. JUSTICE DEAN, dissenting :

If the wit of lawyers could possibly have framed a contract which would have made final the decree of the court below, the one before us ought to have been declared that contract. But it seems from the opinion of a bare majority of this court, a great municipality which of all corporations most needs the protection of the law to shield it from the litigation of unfounded claims, cannot by any possible contract avoid such result. I had earnestly hoped, from an observation extending over years in this court, that we had about reached a point where such contracts as the one before us would have been adjudged inviolable in the absence of fraud, accident or mistake in the making or procuring of it. But the judgment entered to-day forces me to the conclusion that I was mistaken. It throws wide open the door, which I had hoped was about to be effectually closed. The result is what is most to be deplored, not to the city alone for if that were all it would be the consequence of only a single judicial mistake, but it is to be deplored in its probable results to the hundreds of the three classes of cities in the state and the public at large. The notion will now prevail that though a natural person may by

his contract protect himself against injustice, a municipal corporation cannot; that from it, as was done in this case, the contractor can collect his full contract price, and then in the teeth of his stipulation not to claim more, sue for whatever sum he has a mind to.

It is conceded, not a single order was given covering damages, or for extras, or for grading, by the city or by its director of public works. The contractors agree to furnish at their own cost anything necessary to complete the grading and construction of the boulevard, and further agree to receive a certain fixed price in full compensation therefor, then follows this stipulation, comprehensive, specific as to detail and sweeping in its language:

"It being expressly understood and agreed by the parties hereto that the measurements shall be taken after the completion of the work, and the estimate and certificate of the director of the department of public works shall be final and conclusive evidence of the amount of work performed by the said contractor under and by virtue of this agreement, and shall be taken as the full measure of compensation to be received by the contractor, without the right of exception or appeal. And that the aforesaid prices cover the furnishing of all the different materials and labor and the performance of all the work mentioned in this agreement, and in case of any doubt or ambiguity touching any part of this contract, or any of the plans or specifications referred to or connected therewith, or any other matter involved therein, the decision thereon by the said director of the department of public works shall be deemed, taken and treated as final, binding, conclusive and obligatory upon all parties hereto, without the right of exception or appeal."

Then there are the distinct stipulations that no charge shall be made by the contractor for any hindrance or delay from any cause whatever during the progress of the work, or from the action of the elements, and no charge for extra work except upon the written order of the director of public works.

After receiving all but a small part of the contract price, the plaintiffs made claim for $384,000 additional, although they had received on the contract $782,892.88, claiming that sum to be yet due them for delay, extras, and excess grading. The case went to trial before court and jury and plaintiffs got a

verdict for $134,427.64 subject to a question of law reserved, "Whether there was any evidence which entitled the plaintiff to recover." The court in opinion filed afterwards entered judgment for defendant. Director McCandless of the department of public works had all the plaintiffs' claims for damages and extras under the arbitration clause in the agreement, which we have quoted, before him and had made an award of a comparatively small sum in their favor. From the evidence it was undisputed, that at the date of the execution of the contract E. M. Bigelow was director of public works who continued in office until June 11, 1900, when he was succeeded by George W. Wilson, who held office until June 11, 1901, when he was removed and E. M. Bigelow, his predecessor, was appointed. He held office until November 25, 1901, when he was succeeded by J. G. McCandless, who held office until April 1, 1903, when E. M. Bigelow, who still holds the office, was appointed. While Wilson was in office he heard the claim of the parties but made no decision, being removed from office for political reasons before reaching one. Director McCandless took the matter up, notified both parties to appear; plaintiffs denied his jurisdiction and refused to appear; he took up their proofs they had presented before director Wilson, and heard those of the city and awarded plaintiffs $34,120. The plaintiffs claimed at the trial in the court below that this award was not binding on them because Wilson, who had taken jurisdiction, had gone out of office and his duties did not devolve upon his successor. The defendant claimed it bound both parties, and this was really the question reserved.

The court in an unanswerable opinion, it seems to me, decided that the arbitration clause referred disputes to the director of public works who filled the office at the time the dispute was to be decided; that it was not the individual but to the officer to whom the dispute was to be referred. The case of North Lebanon Railroad Co. v. McGrann, 33 Pa. 530, is cited to sustain him. We think it is to the point and squarely decides the case. The same principle is announced and applied in at least a dozen states of the union. It accords with both reason and authority. The reference is in no sense to an individual but to the officer. The majority of the court do not overrule Railroad v. McGrann, nor do they wholly disregard it, but they

set up a fanciful distinction between the facts in that case and those in this. If this had been the first case in which the principle had been invoked, rather than strike down this plain, fair contract on the merest technicality, with not a spark of real merit in plaintiffs' claim, I would hold fast to the principle announced in Railroad v. McGrann as did the court below and rule this case on that.

BROWN and POTTER, JJ., concur in this dissent.