# Hallock, Appellant, *v.* Lebanon City.

*Municipalities—Municipal contracts—Arbitration—Water supply—City engineer's report.*

Where a contract with a city for a water supply provides that all tests shall be made by the city engineer, whose report shall be final, and conclusive and equally binding upon both the contractors and the city, a report by the engineer, after a test made by him, to the effect that there was neither a complete nor a substantial performance of the contract, is binding on the contractors, and will be a bar to their recovery of the contract price.

Argued Feb. 15, 1909. Appeals, Nos. 234 and 235, January T., 1908, from order of C. P. Lebanon Co., No. 163, March Term, 1900, and No. 10, Dec. T., 1904, refusing to take off nonsuit in case of L. G. Hallock and James Kinney, Jr., late copartners, trading as Hallock & Kinney, v. Lebanon City. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit upon a contract for furnishing a supply of water to a city.

At the trial the court entered compulsory nonsuits which it subsequently refused to take off, EHRGOOD, P. J., filing the following opinion:

By agreement of the parties the above-entitled two suits were tried as one and the motion to take off the nonsuit relates to the consolidated suit.

The foundation of the suit is a written contract entered into between the plaintiffs and the defendant city in which the plaintiffs, for a stipulated consideration, agree to furnish to the defendant city daily 1,000,000 gallons pure soft water from wells or springs other than those already owned by the said city.

The plaintiffs sought to recover in this case, or in these two consolidated cases:

First, upon entire performance of the contract.

Second, or upon substantial performance of the contract; or third, that the defendant city accepted part performance of the contract.

After an extension of time of almost a year by the defendant city to plaintiffs to comply with and completely perform the contract, the city of Lebanon demanded a test to be made as to quantity, but the plaintiffs still wanted and were given more time and thereafter paid no attention to notices received as to tests. Under the specifications, a part of the contract, all the tests of the amount of pure soft water furnished by the said contractors, were to be made by and entirely in charge of the city engineer of Lebanon, Pa.; and his assistants, and the report of the said city engineer upon the same shall be final and conclusive and equally binding upon both the said contractors and the city of Lebanon.

The report of the city engineer of the city of Lebanon as offered in evidence is as follows:

"LEBANON, PA., February 5, 1900.
"To the Board of Water and Lighting Commissioners, Lebanon, Pa.

"Gentlemen:—In accordance with the request of yourselves the Special Water Committee of City Councils and the City

Solicitor, I have carefully tested the rate of flow of the Hallock & Kinney wells at various times between December 6, 1899 and January 31, 1900, inclusive, and I would most respectfully make the following report; the various tests occupied in all nearly two weeks, and while making them, between 900 and 1000 weir measurements were taken.

"The greatest rate of flow for the Hallock & Kinney wells was obtained on December 7, 1899, when they gave at the rate of 825,100 gallons in 24 hours. The least rate of flow for the Hallock & Kinney wells was obtained on December 14, 1899, when they gave at the rate of 506,000 gallons in 24 hours.

"The mean rate of flow for the Hallock & Kinney wells based upon dividing the sum of the rates of flow for the different days of testing, by the number of days of testing, amounts to the rate of 674,700 gallons in 24 hours. The average daily rate of flow for the Hallock & Kinney wells, based upon the assumption that there was a uniform increase or decrease (according to circumstances) in the rate of flow between any two consecutive tests, amounts to the rate of 648,163 gallons in 24 hours.

"Yours Respectfully,

"GEORGE W. HAYES,

"City Engineer."

This report conclusively shows that there was neither a complete performance nor a substantial performance of the contract on the part of the plaintiffs. This report is binding on the plaintiffs as well as on the defendant.

There was no evidence submitted by the plaintiffs from which the jury would have been justified in finding or inferring that there was an acceptance of the water supply plant of Hallock & Kinney; on the contrary, as soon as the report of the city engineer was received, which was on February 19, 1900, the water board immediately, on the same evening, reported to councils and the contract was then rescinded and whatever use was made of said plant, or any part of it, prior, was done in accordance with the provisions of the contract. We are of the opinion that the plaintiffs have failed to sustain

any one of the three propositions for which they contended at the trial and their motion ought not to be granted.

And now, June 23, 1908, the motion to take off nonsuit is refused.

*Error assigned* was the order of the court.

*Warren G. Light,* with him *Fred. Spriggs,* for appellant.

*Walter C. Graeff,* city solicitor, with him *Gobin & McCurdy,* for appellee.

Per Curiam, April 12, 1909:

The judgments in these cases are affirmed on the opinion of the court below, refusing to take off the nonsuits.