Seaboard Surety Company, Appellant, *v.* Commonwealth.

Argued May 25, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Lewis M. Stevens,* of *Stradley, Ronon & Stevens,* with him *Medford J. Brown* and *Snyder, Hull, Leiby & Metzger,* for appellant.

*George W. Keitel,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. JUSTICE DREW, June 29, 1942:

This appeal by plaintiff, Seaboard Surety Company, in its own right and as assignee of Spooner Bridge Construction Corporation, is from an order entered by the court below dismissing, for want of jurisdiction, its petition filed pursuant to the Act of April 25, 1927, P. L. 381, to vacate, modify or correct an arbitration award rendered in favor of the Commonwealth of Pennsylvania, the defendant.

It appears from the allegations of plaintiff's petition that the Spooner Corporation entered into a contract with the Commonwealth on April 13, 1933, with plaintiff as surety, for the construction of a section of highway and a bridge in Susquehanna County. In the prosecution of the work, the Spooner Corporation sustained a loss of $29,251.38, and rescinded and abandoned the contract prior to the completion of the work. Subsequently plaintiff, appellant surety company, with the approval of the Department of Highways of the

Commonwealth, took an assignment of the claim of the Spooner Corporation for its loss, and completed the work in full compliance with the contract provisions. In finishing the work, plaintiff suffered a loss of $29,-648.35. Claiming that its loss and that of the Spooner Corporation were due entirely to material misrepresentations of subsoil conditions set forth in a plan made by the Department of Highways and furnished to all bidders prior to the time the contract was executed, plaintiff made demand upon the Commonwealth for reimbursement of $58,899.73, and, the Commonwealth having rejected the claim, the dispute, pursuant to the clause in the contract providing for arbitration,* was submitted to the Secretary of Highways and the Attorney General for decision. After considerable delay, the arbitrators made an award in favor of the Commonwealth. Plaintiff then filed a petition in the Court of Common Pleas of Dauphin County to vacate, modify or correct the award, averring that its rights were prejudiced by the arbitrators who signed the report, in that they did not hear the testimony or sit together as a Board to consider it, that neither of them wrote the opinion, that after the hearings were concluded the arbitrators commissioned the State Geologist to make a laboratory analysis of samples of test borings, that that geologist made his report to the arbitrators more than a year and a half before their decision was rendered, but no opportunity was afforded plaintiff to examine the report until after the award had been made, and that plaintiff was deprived of its right to cross-

---

* "All questions or disputes arising between the parties hereto respecting any matter pertaining to this contract or any part thereof or any breach of said contract shall be referred to the Secretary of Highways and the Attorney General of the Commonwealth of Pennsylvania, whose decision and award shall be final, binding, and conclusive upon all parties without exception or appeal; and all right or rights of any action at law or in equity under and by virtue of this contract and all matters connected with it and relative thereto are hereby expressly waived. . . ."

examine the State Geologist on his report or to introduce evidence to explain or contradict it. Following the hearings and before the decision, Secretary of Highways Van Dyke died and Attorney General Margiotti retired, they being the original arbitrators, and their successors in office, Secretary of Highways Brownmiller and Attorney General Bard, signed the report.

Without answering the allegations of the petition of plaintiff, the Commonwealth filed a petition, under the provisions of the Act of March 5, 1925, P. L. 23, raising the following questions of jurisdiction: that since the award was made pursuant to an arbitration provision contained in the contract which provided that the award was to be final, binding and conclusive, without exception or appeal, the parties had waived all right to institute proceedings in court in connection with the contract; and that the Commonwealth cannot be sued as a party defendant without express statutory authority. After argument, the court en banc, being of the opinion that it had jurisdiction under the Act of 1927, dismissed the petition of the Commonwealth and directed it to answer plaintiff's petition within fifteen days. Contending that that statute did not apply to the contract under consideration, the Commonwealth petitioned the court below for a reargument. Following the reargument, the court en banc vacated its previous order, sustained the question of jurisdiction that the Act of 1927 was inapplicable, and dismissed plaintiff's petition. From this order, plaintiff took the present appeal.

The sole question for our determination is whether the Act of 1927, which is not mentioned in the written contract here involved, governs the arbitration therein provided for. This question must be answered in the affirmative, for section 16 of that Act provides: "The provisions of this act *shall* apply to any written contract to which the Commonwealth of Pennsylvania, or any agency or subdivision thereof, or any municipal corporation or political division of the Commonwealth

shall be a party." (Italics added.) In interpreting this portion of the statute, we said, speaking through Chief Justice SCHAFFER, in *Phila. Hous. Auth. v. Turner Const. Co.*, 343 Pa. 512, 518-9, (which decision was not rendered until almost six months after the learned court below entered its order in the instant case) : "With this legislative declaration in view, it is impossible to conclude that the law-making body did not intend that all arbitrations provided for in contracts with the Commonwealth or its agencies should be under the act. . . . Section 16 is mandatory and applies the provisions of the act of which it is a part to any written contract to which the Commonwealth or any agency thereof is a party." Furthermore, in *J. M. Davis Co. v. Shaler Twp.*, 332 Pa. 134, in considering the applicability of the statute to public contracts containing provisions for arbitration, it was said by Mr. Justice MAXEY (p. 138) : "The arbitration provided for in contracts made after the act [Act of 1927] took effect must be proceeded with according to the terms of that statute. . . . When the parties entered into the arbitration agreement now before us they ipso facto embodied in that agreement all of the provisions of the Arbitration Act." Thus, it is clear that the Act of 1927 governs the award here under consideration, even though the arbitration clause of the contract provides that the award shall be final and conclusive and there shall be no right of appeal. Since section 16 is mandatory, neither of the parties could waive any part of the statute, but both are bound by the act in its entirety. And by this statutory enactment, the Legislature granted express authority to institute such proceedings as are here under consideration against the Commonwealth where it is a party to a contract containing an arbitration clause.

The Commonwealth contends that the statement, "Provisions in contracts which give engineers or architects or heads of municipal or state departments power

to decide questions are not arbitration provisions in the sense that the Arbitration Act provides", made by this court in the Phila. Hous. Auth. case, 519, indicates that our decision there was not intended to govern arbitration provided for in a contract to which the Commonwealth is a party where, as here, the Secretary of Highways and the Attorney General are designated as the arbitrators. There is no merit in this argument. The practice of making a state or municipal official arbitrator of a controversy arising between the state or municipality and a contractor is well established (*Commonwealth v. Eastern Pav. Co.*, 288 Pa. 571; *Curran v. Philadelphia*, 264 Pa. 111; *Werneberg v. Pittsburg*, 210 Pa. 267; *Commonwealth ex rel. v. Pittsburg*, 206 Pa. 379), and the Act of 1927 contains no limitation as to who may serve as arbitrators. This expression in the Phila. Hous. Auth. case was used merely to distinguish the provisions of the contract there under consideration from those contained in the contract involved in *Canuso v. Philadelphia*, 326 Pa. 302. The award made in the Phila. Hous. Auth. case, as in the present one, was made under an arbitration clause contained in the contract which provided for a decision of a dispute between the parties by quasi judicial means for the purpose of settling the entire subject matter in issue; while in the Canuso case there was a mere decision, made by the Director of Public Works of the City of Philadelphia, of a fact relating to performance in order to expedite the progress of the work, which decision was not intended to terminate the whole controversy between the parties, but instead left to them the right to resort to suit or arbitration. In the Canuso case there was no arbitration, nor did the parties consider the position of the director to be the equivalent of an arbitrator, for the contract specifically provided: "Nothing in this clause shall be taken to indicate that the Contractor, with the consent of the Director, cannot appeal to arbitration in accord-

ance with the Pennsylvania State Law approved April 25, 1927."

Since the Act of 1927 governs the arbitration proceedings in this case, we are all of the opinion that the allegations of plaintiff's petition, if proved, are ample to establish misbehavior on the part of the arbitrators which was prejudicial to the rights of plaintiff within the meaning of that statute. The action of arbitrators must be free from the charge that their examination was inadequate and their conduct arbitrary: 11 Stand. Pa. Prac. 445. Their investigation is in the nature of a judicial inquiry, and involves, ordinarily, a hearing and all that is thereby implied: 3 Am. Jur. 831. Section 6 of the statute expressly requires that all of them shall sit at the hearing of the case, unless by consent in writing all parties agree to proceed with a less number. Furthermore, it is well established that they should not proceed independently, and without notice to the parties, to make personal inquiries or investigations upon which they intend to base their award. In this connection it was said by Judge CARDOZO in *Berizzi Co. v. Krausz*, 239 N. Y. 315, 318-20, 146 N. E. 436, 437-8, which was a case decided under the New York Arbitration Law (very similar to the Pennsylvania Act of 1927): "We think the conduct of this arbitrator was misbehavior prejudicing the rights of one of the parties within the meaning of the statute. There is no doubt that this was the law before the adoption of the present Arbitration Act. . . . True, the arbitrator in this proceeding acted in good faith, but misbehavior, though without taint of corruption or fraud, may be born of indiscretion . . . There would be little profit in fixing a time and place of hearing, if the arbitrators were at liberty when the hearing was over to gather evidence *ex parte,* and rest their award upon it. . . . The difficulty with this testimony is not merely that it is hearsay, but that it was collected and acted upon without the knowledge of those affected and without op-

portunity to repel it." See also Sturges on the Practice of Commercial Arbitration, p. 93; 6 C. J. S. 203.

Order reversed and record remitted to the court below for further proceedings consistent with this opinion.