## Cutler & Hinds *v.* Richley, Appellant.

[Marked to be reported.]

*Arbitration—Legal arbitrator—Local act of April 6, 1870.*

The local act of April 6, 1870, P. L. 948, providing for the voluntary choice of a legal arbitrator, conferring upon such arbitrator the powers of judges of courts of record in conducting trials, and providing for review of judgment by exceptions, etc., but no appeal, is not a part of the compulsory arbitration procedure under the act of 1836, and cannot be read into that act so as to give a right of appeal.

*Constitutional law—Right of appeal.*

The local act of April 6, 1870, P. L. 948, providing a special voluntary mode of procedure before a single legal arbitrator, learned in the law, without right of appeal, is constitutional; but the supplement of March 25, 1873, P. L. 396, substituting in lieu of the voluntary a compulsory mode of procedure, is unconstitutional.

Argued April 28, 1892.   Appeal, No. 470, Jan. T., 1892, by defendant, Frederick Richley, trustee of Sarah Spires et al., from decree of C. P. Erie Co., May T., 1888, No. 104, striking off appeal from award of legal arbitrator, etc.   Before STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Rule by plaintiff to strike off appeal from award of legal arbitrator, and by defendant to strike off rule of reference in assumpsit for counsel fees.

Plaintiff's attorney entered the following rule to refer: "And now, to wit: April 11, 1888, agreeably to the acts of assembly in such case made and provided the plaintiffs, by their attorney, enter a rule of reference, and state their determination to have a legal arbitrator chosen on the 27th day of April, 1888, at nine o'clock A. M. of that day, at the office of the prothonotary of said court for the trial of all matters in variance in the above suit between the parties."

On April 18, counsel for both parties signed the following agreement: "We agree upon Gen. D. B. McCreary, Esq., as legal arbitrator in above case, and appoint May 10, 1888, at 10 o'clock A. M. as the time of hearing at the office of the arbitrator, in the city of Erie, Pa.   Notice of time and place of hearing is hereby waived."

The arbitrator so chosen gave judgment July 13 for plaintiff for the amount of his claim, taxing his fees, as legal arbitra-

tor, at the amount provided by the act of 1870. Defendant appealed July 24. Sept. 5, rule to plead entered. Pleas filed Sept. 24, 1888.

Jan. 10, 1892, plaintiff moved to set aside the appeal for the following reasons, viz.: (1) There is no provision for an appeal in the act of April 6, 1870, P. L. 948, and its supplement of March 26, 1873, P. L. 396, providing for a legal arbitration. (2) There is no provision for an appeal in the submission to Gen. D. B. McCreary, the arbitrator, signed by the attorneys for plaintiffs and defendant under which the arbitration was held.

Defendant then moved to strike off rule of reference "and all proceedings under the same for the reason that the act under which the rule of reference was entered is unconstitutional."

The court, GUNNISON, P. J., made plaintiff's rule absolute and discharged defendant's rule.

The act of April 6, 1870, P. L. 948, provided, in § 1, that arbitrations under the compulsory arbitration law and its supplements should be called lay arbitrators, and arbitrators under this act legal arbitrators. Sections 2 and 3 are quoted in the opinion of the Supreme Court. Sections 4 and 5 give the arbitrator powers of judges of courts of record in conducting trials ; and provides that his judgment shall be absolute if no exceptions or motion to set it aside be filed ; exceptions to be in the nature of a writ of error to the common pleas, with right to writ of error to Supreme Court. Other provisions are quoted in the opinion of the Supreme Court.

*Errors assigned* were (1) making plaintiff's rule absolute, and (2) refusing defendant's rule, quoting the record.

*E. A. Walling, Clark Olds* with him, for appellant.—The acts of 1870 and 1873, being a part of the compulsory arbitration system, an appeal may be taken under the act of 1836. Hare v. Rice, 142 Pa. 608, allowed an appeal under the road laws in an analogous case. If no appeal is allowable under these local acts, they are unconstitutional, and the proceedings would be valid under the act of 1836. The rule of reference conformed to § 8, of the act 1836, the agreement choosing one arbitrator to § 13, and the agreement as to time and place to

§ 15. Before the passage of the special acts, these proceedings would have been valid. If the proceedings do not conform to the arbitration statutes, the whole proceeding, including the award, should fail. Defendant did not expressly waive his right to a jury trial. It cannot be waived by implication: Trimble's Ap., 6 Watts, 133; Pa. Bank's Est., 60 Pa. 471; McClain v. Boyer, 84 Pa. 417. The rule of reference here was compulsory not voluntary. The agreement was pursuant to the compulsory rule. It could not be a common law submission, as it does not state what is submitted: Stokeley v. Robinson, 34 Pa. 317.

*E. L. Whittelsey*, for appellee.—Section 15 of the act of 1870 permits voluntary submission, and it is clearly constitutional. That section can stand, although the objectionable features fall: Ruan St., 24 W. N. 460; La Plume Boro. v. Gardner, 1 Adv. R. 532; Ruan St., 132 Pa. 257; Cooley, Const. Lim. 178. Where no right of appeal exists, neither laches, nor consent nor acquiescence can give jurisdiction: Collins v. Collins, 37 Pa. 387; Moore v. Wait, 1 Bin. 219; Morrison v. Weaver, 4 S. & R. 190; Stoy v. Yost, 12 S. & R. 385; Boyd v. Stubbs, 7 Watts, 29. This was a voluntary submission which could have been revoked at any time before award: Power v. Power, 7 Watts, 205; Coleman v. Grubb, 23 Pa. 393. But not having been revoked, it is binding. No particular form of submission is required. An agreement to refer and the award are binding whether in writing or not: McManus v. McCulloch, 6 Watts, 357; Gay v. Waltman, 89 Pa. 453.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

One of the specifications of error is the order of court setting aside the appeal from award of the "legal arbitrator," the other is the refusal of the court to strike off the rule of reference and set aside "all proceedings under the same, for the reason that the act under which the rule of reference was entered is unconstitutional."

It cannot be seriously doubted that, in entering the rule and choosing the "legal arbitrator," the parties intended to proceed under the special act of April 6, 1870, P. L. 948, entitled "an act relative to arbitrations in certain counties," and the supplement thereto of March 25, 1873, P. L. 396. The record, including the award of the legal arbitrator, etc., clearly shows

that they did.  Moreover, the defendant's motion to strike off the rule of reference and set aside all proceedings thereunder is predicated of the fact that the proceedings were under said act.

Nor can it be successfully contended that the act of 1870 was intended to operate, in the counties therein named, as part of our compulsory arbitration procedure under the act of 1836. An examination of the act, especially the sections relating to the powers and duties of the legal arbitrator, and proceedings that may be had after his award is filed, etc., shows clearly that the legislature intended to provide a special mode of procedure, in the counties named, separate and distinct from that of our compulsory arbitration law, except perhaps as to the method of choosing the legal arbitrator, service of notices, etc.

It is conceded that there is nothing in the act of 1870, and its supplement, which, in express terms or by necessary implication gives a right of appeal in what is termed a legal arbitration.  On the contrary, it provides other modes of procedure for the purpose of correcting errors of the legal arbitrator, etc., and finally a writ of error to this court.  We think it is very clear that that act and its supplement cannot be read into the compulsory arbitration act of 1836, and thus, under the provisions of the latter, secure the right of appeal.  So far therefore as any compulsory proceedings for selection of a legal arbitrator, etc., are concerned, the act of 1870, or rather the supplement thereto, would appear to be unconstitutional, in that it denies to the non-consenting party the right of appeal and trial by jury; but the 15th section of the act provides for an amicable reference, etc., as follows: " That the parties, or their attorneys, to a suit pending or hereafter to be brought, may, by agreement in writing, amicably refer the trial and determination of the same to a legal arbitrator, and fix their own trial and place of hearing with the same force and effect and with the same incidents and rights to the parties as if the said suit had been referred by rule entered and arbitrator chosen as hereinbefore provided."  In appointing the legal arbitrator in this case the parties evidently acted under the provisions of this section.  The agreement signed by their respective attorneys is as follows: " We agree upon Gen. D. B. McCreary, Esq., as legal arbitrator in above case and appoint May 10,

1888, at 10 o'clock A. M. as the time of hearing at the office of the arbitrator in the city of Erie, Pa. Notice of time and place of hearing is hereby waived."

It must be presumed the parties knew that no right of appeal was given by the act, and therefore, by entering into the agreement, they impliedly waived any right they might otherwise have had.

The 2d section of the original act provides that the party entering the rule to choose, etc., " shall be taken and deemed to have waived his right to appeal and trial by jury; . . . . and unless the opposite party, . . . . shall, on or before the day fixed for choosing the arbitrators, elect by writing filed, to have a legal arbitration, it shall be a lay arbitration, as heretofore, with the right to each or either party to appeal." The 3d section provides " that if the party not entering the rule shall, as aforesaid, elect to have a legal arbitration, there shall be but one arbitrator, who shall have been duly admitted to practice law, etc., . . . . and the method of choosing, service of notices, length of rules and fixing times of hearing shall be the same as under the lay or compulsory arbitration law."

It will be observed that, under these provisions, a legal arbitrator could not be chosen without the consent of both parties,—the implied consent of the party entering the rule, and the express written consent of the other party. The only other mode of securing " a legal arbitration," under the original act, is by agreement, in writing, of both parties to refer, etc., under the 15th section above quoted. The sole purpose of the act was to provide a special, voluntary mode of procedure before a single arbitrator, learned in the law, without right of appeal and trial by jury. There appears to be nothing unconstitutional in this. But, as to the supplement of 1873, we think it is otherwise. That undertakes to repeal the 2d and 3d sections of the original act for the sole purpose of substituting in lieu thereof a compulsory proceeding as against the party not entering the rule and not otherwise consenting to a legal arbitration. This compulsory feature is unconstitutional, and inasmuch as there cannot be any doubt that the sole object of the repealing clause was to substitute the compulsory in lieu of the voluntary provision, we think the supplement should be declared unconstitutional.

## 200 CUTLER & HINDS *v.* RICHLEY, Appellant.

It follows from what has been said that there was no error in setting aside the appeal and in refusing to strike off the rule of reference, etc.

The orders of the court below are affirmed with costs to be paid by defendant.

[See Spratt v. Raymond, 1 Adv. R. 816, 149 Pa.]