## Joseph Wolf, Appellant, *v.* Jasper Augustine.

*Arbitration—Vacancies in the board of arbitration—Revocation.*

Where a submission to arbitration makes no provision for filling vacancies in the board of arbitration, a vacancy caused by the refusal of one of the arbitrators to act revokes the submission.

Argued May 10, 1897. Appeal, No. 526, Jan. T., 1896, by plaintiff, from order of C. P. Fayette Co., March T., 1895, No. 465, making absolute a rule to discharge a rule to arbitrate. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to discharge and annul a rule of court to arbitrate.

The facts appear by the opinion of the court below, MESTREZAT, J., which was as follows:

The parties to the above action submitted all matters in controversy between them to arbitration by the following agreement under their hands and seals:

"And now, to wit, February 16, 1895, said Joseph Wolf and Jasper Augustine agree to submit all matters, including sales of land, equity suits, judgments, contentions about personal property and all other controversies between them of whatsoever kind to J. V. Thompson and A. D. Boyd, mutually chosen by them. Their award or umpirage shall be made or decided according to real equity and justice as shall be shown by the facts submitted to them. They furthermore agree that their submission to said award or umpirage shall be made a rule of or in court and hereby respectively bind themselves to submit to and be finally concluded by the award or umpirage of said referees or arbitrators or a majority of them. If any balance shall be found against said Wolf, all judgments in controversy in this case shall be satisfied or caused to be satisfied by said Augustine and the lien of said award shall be confined to only such one or more than one tracts of real estate of said Wolf as shall be necessary to secure the amount of the award so found. In case of disagreement between the parties hereto as to what real estate shall be bound by said award or lien the arbitrators shall

decide. If the arbitrators, under the evidence submitted, so decide, said Wolf shall convey back to said Augustine, with as good title and as clear of encumbrances as when he obtained them, all or part of all lands conveyed by Augustine to Wolf, and shall return to said Augustine all personal property in controversy, or its equivalent as arbitrators shall decide. If the arbitrators, under the evidence submitted, so decide, said Augustine shall convey back to said Wolf with as good title and as clear of encumbrances as when he obtained them, all or part of all lands conveyed by Wolf to said Augustine, and shall return to said Wolf all property in controversy or its equivalent as arbitrators shall decide. If said two arbitrators cannot agree, they shall appoint a third arbitrator.

"And the parties hereto bind themselves, their heirs, executors and administrators, to each other in the penal sum of forty thousand dollars, conditioned to abide by, be bound by and to carry into effect the award or finding of said arbitrators or a majority of them. This includes the Ross Augustine property."

This submission was filed in the prothonotary's office on February 18, 1895, in the above entitled action.

On April 13, 1896, the defendant by petition alleged that the submission had been made a rule of court, and that it was Augustine's understanding that the basis of the submission was the expectation that Thompson and Boyd would undertake the duties of their appointment and, if necessary, agree upon an umpire; that Mr. Boyd, one of the arbitrators named in the submission, had refused and still does refuse to act in that capacity, and that the parties had endeavored but were unable to agree on another arbitrator who would accept, and that Mr. Wolf would agree to no substitution for Boyd, and praying the court to grant a rule on the plaintiff to show cause why said rule of court to arbitrate should not be discharged and annulled, and the proceedings thereunder dismissed. The rule was granted as prayed for.

To this petition and rule, the plaintiff filed an answer. It admits the submission but denies that there was any understanding that the two arbitrators chosen should serve. It avers, inter alia, that said Boyd as attorney for Augustine, long after the execution of the submission, prepared an answer to a bill in equity filed in this court by Wolf against Augustine, and

others in which answer, sworn to by Augustine, this submission was set up as a defense to said suit in equity and as a reason why the same was withdrawn and should be dismissed; that by reason of the preparation and filing of said answer, Augustine and Boyd are legally estopped from alleging that Boyd did not agree to act as one of the arbitrators, and especially from alleging that the submission was contingent upon Thompson and Boyd accepting the position of arbitrators; that it is denied that the parties cannot agree upon an arbitrator under the terms of the submission for the reason that Wolf is willing to concede to Augustine the right to select an arbitrator instead of Mr. Boyd. It is further averred in the answer that the submission is a contract, with a consideration, and irrevocable by either party, and that the court has no jurisdiction in the premises to discharge or annul the rule of court to arbitrate.

Both parties have taken testimony and on it, the record, petition and answer, the matter must be determined. There is nothing in the testimony that would warrant us in finding that Mr. Boyd accepted the position of arbitrator. It may be conceded that he did not at once, nor for some time after his appointment, refuse to act, but he was not compelled to do so. Until he accepted, he could decline, and no length of time of itself could estop him from refusing to perform the duties of his appointment. Nor would the fact that he, as attorney for Augustine, prepared the answer in equity compel him to act or estop him from refusing to act. His position as arbitrator, mutually chosen by the parties in the case, must be distinguished from that as counsel for Augustine in the other case. Unless there was collusion or fraud between him and Augustine, of which there is no evidence, Mr. Boyd's professional services in the preparation of the answer in the equity suit cannot control his action, individually, in accepting or declining the position of arbitrator in this case.

Nor can we agree with the plaintiff that Augustine is estopped from alleging or setting up Boyd's refusal to act. At the time the answer in the equity suit was prepared, Augustine, without consulting Boyd, may have thought that Boyd would act as an arbitrator. If, as he did, Boyd subsequently declined, Augustine should not be prohibited from alleging the fact as a reason for the revocation of the submission. It may

well be, and presumably is the fact, that Augustine reposed special confidence in Mr. Boyd's ability to protect and secure his interests under this submission, and that he is unwilling to trust those interests, under this agreement, to another person.

We agree with the counsel for plaintiff that this submission is not revocable by either of the parties to it. If this were the only or controlling question in this case, the solution of it must result in a decision favorable to the plaintiff. While it is true that a naked power to submit controversies to arbitration is revocable, it is equally well settled that when the agreement partakes of the nature of a contract, whereby important rights are gained and lost reciprocally, and the submission is the moving consideration to these acts, a different rule prevails: Paist v. Caldwell, 75 Pa. 166. Such is the character of this submission and, hence, it is irrevocable by either party. But another question arises here. From the testimony submitted, we find that Mr. Boyd refused to accept and act as one of the two arbitrators mutually chosen by the parties to this contract. We know of no authority in the court to compel him to act. Has the court the authority under this submission to compel Mr. Augustine or him and Mr. Wolf to select another arbitrator to act in Mr. Boyd's place or, he and they failing or refusing, to appoint an arbitrator for that purpose? That, in our opinion, is the question to be determined.

By this submission, the parties have contracted to have their differences settled by Mr. Thompson and Mr. Boyd, and, should they fail to agree, a third party is to be chosen by these two. The terms of this submission must control the court and the parties. There is no provision in it for filling a vacancy in this tribunal, whether occasioned by death or refusal to act of one or both of the arbitrators. The statute does not provide for filling such vacancy. Where no provision is made in the submission it is settled that a vacancy by death in the board of arbitrators, amicably chosen, revokes the submission: Huggins v. Neill, 2 Pa. Superior Ct. 103; Potter v. Sterrett, 24 Pa. 411. In this latter case the Supreme Court says: "A submission to arbitration is like a delegation of any other power. Neither an agent nor an arbitrator can delegate his power unless expressly authorized by his constituents. An authority given to two cannot be executed by one, although the other die or

refuse; nor if given to three can it be executed by two, although the three be authorized to act jointly and severally. A power is terminated by the death either of the party receiving it or of the party conferring it."

We are unable to see the difference in a vacancy in a board of arbitrators caused by death and one occasioned by the refusal to act of the arbitrator. The effect is the same, namely, to deprive the parties of the tribunal created by them for the adjustment of their differences. Unless specially provided in the submission, the remaining arbitrator cannot fill the vacancy. That power exists solely in the parties, and if they refuse, the submission is revoked and the arbitration is at end.

It is not alleged that there was any collusion between Mr. Boyd and Augustine to revoke this submission. So far as the testimony discloses, Mr. Boyd, in declining to accept the appointment, has acted from motives of his own without regard to the wishes of Augustine in the matter.

Entertaining the views above expressed, we will make this rule absolute and annul or rescind the rule of court to arbitrate.

And now, September 30, 1896, this matter having been argued by counsel and fully considered by the court, it is ordered and directed that the rule to show cause why the rule of court to arbitrate should not be discharged and annulled and the proceedings thereunder be dismissed, be made absolute, and the said rule to arbitrate is rescinded and set aside. It is further ordered that the costs accrued on said rule together with the costs on the present rule be paid by the plaintiff and defendant in equal proportions.

*Error assigned* was the order of court, quoting it.

*R. H. Lindsey*, of *Lindsey & Johnson*, with him *W. J. Baer* and *L. K. & S. G. Porter*, for appellant.—The courts favor arbitration: McGheehen v. Duffield, 5 Pa. 499; Okison v. Flickinger, 1 W. & S. 257; Shisler v. Keavy, 75 Pa. 83; Williams v. Tracey, 95 Pa. 308; Lewis's Appeal, 91 Pa. 359; White's Appeal, 108 Pa. 473; Mitchell v. Newman, 4 Pennypacker, 443; Buckwater v. Russell, 119 Pa. 501; Rogers v. Playford, 12 Pa. 184; Scott v. Barnes, 7 Pa. 134; Graham v. Graham, 9 Pa. 254; Weichardt v. Hook, 83 Pa. 434; Noble v. Peebles, 13 S.

& R. 319; Montgomery's Appeal, 7 Atl. Rep. 231; Ice Company v. Smith, 147 Pa. 248.

A party consenting that an action be referred is estopped from claiming that the referee has no jurisdiction: Elliott v. Lewis, 16 Hun, 581; Curtis v. Jackson, 23 Minn. 268; Papke v. Papke, 30 Minn. 260; Cross v. Levy, 57 Miss. 634; 2 Herman on Estoppel, sec. 1057.

Controversies in regard to real estate may be subject of submission to arbitration: McCracken v. Clarke, 31 P. 498; Austin v. Snow, 2 Dallas, 157; Davis v. Havard, 15 S. & R. 165; White's Appeal, 108 Pa. 473.

*A. D. Boyd,* of *Boyd & Umbel,* with him *S. E. Ewing,* for appellee.—Unless specially provided in the submission the remaining arbitrator cannot fill the vacancy. That power exists solely in the parties, and if they refuse, the submission is revoked and the arbitration is at an end: Power v. Power, 7 W. 205; Welty v. Zentmyer, 4 W. 75.

The reason that counsel for appellee did not in their argument before the court below advocate the position that the agreement to arbitrate is illegal and void, by reason of the fact that it refers to real estate controversy between the parties, was not because they did not think there was anything substantial in it, but because the question was fairly raised by the pleadings, and the provisions of the act of assembly are so plain that argument on the point was deemed unnecessary. The case of Austin v. Snow, 2 Dallas, 157 (1792), and Davis v. Havard, 15 S. & R. 165 (1827), were decided before the passage of the act of 1836, and White's Appeal, 108 Pa. 473 (1885), is not on the question, and in McCracken v. Clarke, 31 Pa. 498 (1858), the award was set aside on other grounds without mention of the real estate question; therefore, if there are, as alleged in appellant's argument, "numerous authorities in Pennsylvania support the contrary position that controversies in regard to real estate may be subject of submission to arbitrators," he has failed to cite a single one of them to the attention of this honorable court, on which question we refer simply to the language of the act.

PER CURIAM, June 2, 1897:

It is very clear that where the submission makes no provision

for filling vacancies in the board of arbitration, the occurrence of a vacancy by death or otherwise revokes the submission. In such circumstances the court possesses no power to compel the parties to select other arbitrators. The submission necessarily fails. The learned court below was certainly right in making absolute the rule to show cause why the rule to arbitrate should not be discharged and the proceedings thereunder dismissed, and the reasons for their action are very well set forth in the opinion filed, which we fully approve.

Judgment affirmed.