## Katakura & Co., Ltd., *v.* Vogue Silk Hosiery Co., Appellant.

Argued November 24, 1931. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*George J. Edwards, Jr.,* for appellant.—The plaintiff's application is not within the scope of the Arbitration Act of 1927: Red Cross Line v. Fruit Co., 264 U. S. 109; Pitcairn v. Pitcairn, 201 Pa. 368, 372, 373; Hogsett v. Thompson, 258 Pa. 85, 91; Whyte v. Faust, 281 Pa. 444,

447; Thomas v. Hukill, 131 Pa. 298; Norris's App., 64 Pa. 275; Baur v. Light Co., 259 Pa. 117.

The Act of 1927, as construed by the lower court, violates the 14th Amendment of the federal Constitution: Gratz v. Ins. Co., 282 Pa. 224; Chauvin v. Ins. Co., 283 Pa. 397; Park v. Oil City Boiler Works, 204 Pa. 453; DeHaas v. P. R. R. Co., 261 Pa. 499; Gengenbach v. Park Co., 280 Pa. 278; Phillips v. Library Co., 141 Pa. 462.

The Arbitration Act of 1927 is unconstitutional as special legislation: Standard Life Ins. Co. v. Carey, 282 Pa. 598; Hogle v. Hook & Eye Co., 248 Pa. 471; Weidman v. United Cigar Stores Co., 223 Pa. 160; Hamberger v. Marcus, 157 Pa. 133; Bagley v. Cameron, 282 Pa. 84; Com. v. Snyder, 279 Pa. 234; Isaac v. Ins. Co., 301 Pa. 351; Ayars's App., 122 Pa. 266; Ruan Street, 132 Pa. 257; Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Sterling Bronze Co. v. Imp. Assn., 226 Pa. 475.

The Arbitration Act of 1927 violates the constitutional guarantee of trial by jury, where no arbitrators are named: Lauman v. Young, 31 Pa. 306; Com. v. Collins, 268 Pa. 295; Cutler & Hinds v. Richley, 151 Pa. 195; North Penn Coal Co. v. Snowden, 42 Pa. 488.

*Henry S. Drinker, Jr.,* with him *Edwin A. Lucas* and *Dickson, Beitler & McCouch,* for appellee.—The contract does not require arbitration in another state.

The Act of 1927 fully justified a Pennsylvania court in issuing a decree specifically requiring a party to an arbitration agreement to proceed therewith in another state: Bashford v. Land Co., 295 Pa. 560.

To compel defendant to submit to arbitration in New York will not constitute a denial of due process: Murray v. Land Co., 59 U. S. 272; Ballard v. Hunter, 204 U. S. 241.

The Act of 1927, is not unconstitutional as special legislation: Mason-Heflin Coal Co. v. Currie, 270 Pa. 221; Com. v. Puder, 261 Pa. 129.

The Act of 1927 does not provide compulsory arbitration and thereby deprive appellant of the right to trial by jury.

OPINION BY MR. JUSTICE MAXEY, May 26, 1932:

The petitioner below was and is a corporation organized under the laws of Japan. It maintains an office at 200 Madison Avenue, New York City. Respondent below was and is a Pennsylvania corporation with its principal office at Philadelphia.

On November 22, 1929, petitioner and respondent entered into a contract in writing providing for the purchase by the latter from the former of certain goods and stipulating that every dispute of whatever character arising out of the contract "must be settled by arbitration to be conducted in the manner provided by the by-laws, rules and regulations of the Silk Association of America, Inc., governing arbitration." Petitioner filed a petition in the Court of Common Pleas No. 1 of Phila. Co. setting forth that pursuant to its contract it delivered to respondent certain merchandise which respondent paid for and then it delivered the balance of the merchandise contracted for but respondent refused to accept delivery of the balance and refused to pay for it. As a result thereof, a controversy arose between them, and petitioner demanded that respondent join it in referring the controversy to arbitration in accordance with the by-laws, rules and regulations of the Silk Association, and also in accordance with the laws of Pennsylvania. Respondent refused to do this. Petitioner then prayed the court to grant a rule on respondent to show cause why the controversy between them should not be submitted to arbitration in the manner provided for in the contract, and for further relief.

The court below held that the phrase "in the manner provided for in the contract" meant that the arbitration had to be held in New York and that it (the court) had the power to order the defendant to go to New York to submit to arbitration there. The first proposition is not correct. It is not necessary to discuss the second.

As the record stood in the court below, the court had jurisdiction over the subject-matter of the controversy. Under the language of the contract the arbitration called for did not necessarily have to be held in New York. The contract says that "Hearings shall be held customarily at Association Headquarters where adequate room will be provided." These headquarters are in New York City. It also says that "This Arbitration shall be governed by the arbitration law of New York and the Arbitration Rules of the Silk Association of America, Inc." The arbitration law of the State of New York is a close counterpart of the arbitration law of Pennsylvania. Unquestionably the court below had jurisdiction to construe the contract and to decide whether or not it provided that in every case arbitration proceedings *must* be conducted in New York. The contract does not contain this requirement. While unquestionably the manual contemplates that hearings will "customarily" be held in New York, it does not make this a prerequisite to the arbitration agreed to.

Appellee was within its rights in asking for a rule to show cause why the controversy between it and appellant should not be submitted to arbitration in the manner provided for in the contract, and we overrule the court below in its decision that "the agreement [between appellant and appellee] cannot be enforced in Pennsylvania because the agreement limits arbitration [to] New York." What the court said about its authority to "enter a decree to compel" the defendant "to go to New York and join with the plaintiff in arbitration of their differences," was obiter dicta, which we are not now called upon either to approve or to disapprove. If any

of the constitutional or legal rights of appellant are infringed by appellee, there will be ample opportunity later in these proceedings to invoke judicial protection.

We hold that the court below had jurisdiction to make an order to show cause why the controversies between the parties should not be submitted to arbitration in the manner provided for in the contract between the parties. This arbitration may be conducted in Pennsylvania in the manner provided by the by-laws, rules and regulations of the Silk Association of America, Inc., governing arbitration so far as they are not inconsistent with the laws of Pennsylvania and with the rules of the appropriate court of common pleas concerning procedure and practice under the Pennsylvania Arbitration Act, and subject to all the other pertinent provisions of that act. If the defendant by its answer raises an issue as to the making of the arbitration agreement pleaded by the plaintiff or as to the failure, neglect or refusal to perform the same, the court having jurisdiction shall proceed to the trial thereof, as provided in section 3 of the Arbitration Act. On these issues or any of them, the parties are entitled to a jury trial if it is not waived.

We overrule defendant's contention as to the unconstitutionality of the Arbitration Act of 1927. The act is not special legislation within the meaning of article III, section 7, of the Constitution of Pennsylvania: Mason-Heflin Coal Co. v. Currie, 270 Pa. 221; Com. v. Puder, 261 Pa. 129. It is not unconstitutional as an abridgment of the right of trial by jury as it does not provide for compulsory arbitration: Cutler and Hinds v. Richley, 151 Pa. 195.

The court below had the capacity to pronounce a judgment of law on the issue brought before it in this case through due process of law, that is to say, it had jurisdiction. Therefore, the defendant's preliminary objections to the jurisdiction of the court were properly overruled.

The judgment is affirmed.