### J. M. Davis Company *v.* Shaler Township, Appellant.

Argued September 28, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*George F. P. Langfitt,* with him *David B. Pitler,* for appellant.

*Oliver K. Eaton,* for appellee.

OPINION BY MR. JUSTICE MAXEY, December 5, 1938:

This is an appeal by defendant from the action of the court below, after disqualifying upon plaintiff's petition an arbitrator named in the written contract between plaintiff and defendant, in appointing another arbitrator to act in his place.

By a stipulation filed counsel have agreed for the purpose of this appeal to the truth of the averments of fact in plaintiff's petition, including the averment of the disqualification of the arbitrator named in the contract. The facts are: The plaintiff, J. M. Davis Company, engaged in the general contracting business, entered on August 2, 1935, into a written contract with defendant, Shaler Township, for the construction of a system of sanitary sewers in that township at a total cost of $187,-983.96. The work was completed on October 31, 1936, and there was paid to the contractor $161,961.20, leaving a retained percentage unpaid of $19,841.75. Plain-

tiff claimed the further sum of $39,573.86 "for miscellaneous extra work, all of which was either ordered by defendant or necessitated because of misrepresentation of facts in connection with the letting of the contract, or the suppression of material facts in connection therewith."

Section 28 C of the contract, which forms the basis of this action, provides: "It is expressly covenanted and agreed by the parties hereto that, in the event of any disagreement or controversy arising between the Contractor and the Township of Shaler, as to the interpretation of said Specifications, or the interpretation of proper execution of this contract, or as to the settlement thereunder, or in the event of any disagreement as to any question or matter whatsoever which may arise or be in dispute under this contract, or of the terms or conditions, such disagreements, controversy or dispute shall be immediately inquired into and decided by the Engineer, which decision thereon shall be final and conclusive as to all matters in controversy as aforesaid, without exception or appeals, unless the matter involved comes under the jurisdiction of the Federal Emergency Administration of Public Works, and all right or rights of action of law in equity or otherwise, under and by virtue of this contract, are hereby expressly waived."

The petition also averred that the engineer, F. G. Ross, who acted for the township in the advertising of bids and all matters preparatory to the making of the contract, was disqualified to act as arbitrator for certain reasons (enumerating them).

Plaintiff thereupon requested the court below to appoint a single arbitrator to fill the vacancy existing because of the disqualification of Ross, the engineer, as provided in the Arbitration Act of April 25, 1927, P. L. 381. Section 4 of that Act provides: "If in the agreement provision be made for a method of naming or appointing arbitrators or an umpire, such method shall be

followed, but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of arbitrators or an umpire or in filling a vacancy or if any such arbitrators be disqualified to sit, then, upon the application of either party to the controversy, the Court shall designate and appoint arbitrators, or an umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein, and, unless otherwise provided in the agreement, the arbitration shall be by a single arbitrator. . . ."

On December 29, 1937, Judge FLEMING, specially presiding, adjudged the township engineer, Ross, to be disqualified as arbitrator, and he appointed another to act in that capacity, as provided in the just-quoted section 4 of the Act of 1927.

The then township solicitor took no exception to the order of court appointing the arbitrator, but after he went out of office the present township solicitor presented a petition to vacate the order and to have the petition placed upon the argument list, alleging, inter alia, "that the rule to show cause granted upon the petition of J. M. Davis Company . . . and the other matters necessarily connected therewith was never before your Honorable Court sitting en banc or disposed of by the Court sitting en banc on an argument list, nor was the aforesaid rule or matters connected therewith placed upon an argument list as required by Rule 29 as amended," and that the appointment of the arbitrator is "without warrant or authority in law, is not based upon the facts of the case, was made contrary to the provisions of Rule 29." Plaintiff filed an answer to defendant's petition to vacate the order, and after argument the court in banc, in an opinion filed, found that the hearing before Judge FLEMING had been in effect agreed

to, each counsel having had submitted a formal order to Judge FLEMING, and therefore there was nothing in the contention that the case could not be heard by a judge sitting alone but must be heard on the argument list by a court in banc, and that "the order of court of Judge FLEMING constituted a finding of fact and adjudication which this court in banc could not reverse or re-hear." This appeal followed.

Since it was conceded by both parties that the designated arbitrator was disqualified, the only question before us is as to the power of the court to substitute an arbitrator in his place.

Under the Arbitration Act of 1927 a written contract, except a contract for personal services, may include a provision to settle by arbitration a controversy thereafter arising out of such contract. The arbitration provided for in contracts made after that act took effect must be proceeded with according to the terms of that statute: *Pittsburgh Union Stock Yards Co. v. Pittsburgh Joint Stock Co.*, 309 Pa. 314, 163 A. 668. When the parties entered into the arbitration agreement now before us they ipso facto embodied in that agreement all of the provisions of the Arbitration Act. Appellant contends that the word "such" before the word "arbitrators" in section 4 of the act restricts the power of the court to the appointment of arbitrators only "if the parties do not avail themselves of their duty to do so under this type of submission" (quoting from appellant's brief). We cannot so limit the meaning of "such." The title of section 4 is: "Appointment of Arbitrators." The word "such" before the phrase, "arbitrators be disqualified to sit," obviously means *any* arbitrator appointed pursuant to the provisions of the act.

Appellant cites the case of *Wolf v. Augustine,* 181 Pa. 576, 37 A. 574. That case decided that where a submission to arbitration makes no provision for filling vacancies in the board of arbitration, a vacancy caused by the

refusal of one of the arbitrators to act revokes the submission. In the instant case the submission to arbitration *pursuant to the Act of 1927* adopts that act's provision for filling vacancies and therefore the case cited is inapplicable. Appellant also cites *Isaac et al. v. Insurance Co.*, 301 Pa. 351, 152 A. 95. That case holds in respect to the Arbitration Act of 1927 that the act is not exclusive but does provide a more effective remedy of prosecuting arbitration agreements. The instant case is an example of the "more effectiveness" of the 1927 arbitration "remedy." The case of *Bashford v. West Miami Land Co.*, 295 Pa. 560, 145 A. 678, cited by appellant, is also inapplicable to the instant case. It holds in respect to arbitration that "Where parties to an executory contract agree to submit the matter in dispute to a named individual, they are bound by their contract and cannot seek redress elsewhere until the arbitrator chosen has been discharged either by rendition of award or otherwise and this rule is now applicable, under the Act of April 25, 1927, P. L. 381, where the contract provides for arbitration, but the arbitrators are not named." The decision of the court below in no way offends that ruling. The fundamental error in appellant's reasoning is the premise that there was "no power to substitute another [arbitrator] within the agreement itself." From that false premise appellant draws the conclusion that "the submission to arbitration fails by operation of law, the named arbitrator having been discharged prior to the rendition of an award." When the parties entered into the agreement to arbitrate they became bound by the Arbitration Act of 1927, and that very act supplied the "power to substitute another arbitrator" upon the happening of the contingency which happened here. "No principle is more firmly established than that the laws which were in force at the time and place of the making of the contract enter into its obligation with the same force and effect as if expressly incorporated in its

terms": *Beaver Co. B. & L. Assn. v. Winowich,* 323 Pa. 483, 489, 187 A. 481.

In Williston on Contracts, Revised Edition, Vol. 6, sec. 1923, appears the following statement: "The arbitration agreement may either name the arbitrators, or state a method whereby they shall be chosen. . . . Such provisions have been universally upheld. . . . Statutes sometimes require the arbitrators to be named in the agreement or regulate the method of their selection." In the instant case the statute "regulated the method" of selecting an arbitrator after the designated arbitrator was adjudged disqualified.

Appellant also contends that "if the Act could be construed to empower the court to substitute an arbitrator in place of one definitely named in a written agreement upon the latter's disqualification and is so construed, that provision of the Act could not be sustained as constitutional." This contention is based on the premise that the parties did not agree on a method of substitution in the event of the named arbitrator's disqualification. The unsoundness of this premise we have already pointed out. When by the agreement to arbitrate the parties made operative *as to them* all the provisions of the Arbitration Act, they voluntarily placed in the hands of the court the power it exercised and neither party can now successfully challenge the exercise of that power. We held in *Katakura & Co., Ltd., v. Vogue S. H. Co.,* 307 Pa. 544, 549, 161 A. 529, that the Arbitration Act of 1927 is not unconstitutional as an abridgment of the right of trial by jury as it does not provide for compulsory arbitration.

We find no merit in the contention that the court in banc should have vacated Judge FLEMING's order. What he did amounted to a finding of fact and an adjudication. The finding was well supported by the evidence and the adjudication was sound in law.

The judgment is affirmed.