## Couzens v. Wachtel et al.

*Henry Arronso* and *Simon Pearl*, for plaintiff.
*David S. Malis*, for defendants.

BOK, P. J., October 11, 1948.—There is a partnership agreement between these parties, one of whose terms is that plaintiff shall have the option, to be exercised within six months, of devoting all his time to the business on equal footing, as to salary and other conditions, with defendants.

The agreement, in paragraph 14, provides for conclusive arbitration of "all disputes and questions whatever" that shall arise between the partners.

The agreement is dated March 15, 1946. On August 17, 1948, plaintiff filed a rule to show cause why defendants should not proceed to arbitration. The petition avers that plaintiff did, within six months from March 15, 1946, exercise his option to devote full time to the business, but that defendants have refused to allow him to do so at an equal salary: he has appointed one arbitrator and asks the court to appoint one for defendants, who have refused to name one.

Defendants have filed an answer, in which the agreement and plaintiff's appointment of an arbitrator are admitted and the rest of plaintiff's averments are denied.

Defendants' argument against the rule is three-headed.

One is that by proceeding on petition and answer, without depositions, plaintiff is bound by the answer. This argument overlooks the nature of the present proceeding. If the arbitration clause is valid and applicable, this is no time to decide the merits of the dispute either by the pleadings or by evidence. The point is to enforce the arbitration clause and get arbitrators whose job it will be to decide the merits. If there are any

artifacts of pleading to be considered, it might be said that by their vigorous denial of plaintiff's averments defendants confirm the existence of a dispute. Arbitration is favored by the law and agreements to arbitrate are to be liberally construed: Britex Waste Co., Ltd., v. Nathan Schwab & Sons, Inc., 139 Pa. Superior Ct. 474 (1940).

Their second argument is that arbitration cannot apply to this dispute or, to judge by the tenor of their brief, to any conceivable dispute.

In Davis Co. v. Shaler Township, 332 Pa. 134 (1938), the court held that written arbitration agreements entered into after the Arbitration Act of April 25, 1927, P. L. 381, sec. 3, 5 PS §163, must proceed in accordance with the provisions of that act. This is so even though the act has also been held not entirely to have displaced arbitration at common law: Philadelphia Housing Authority v. Turner Construction Co., 343 Pa. 512 (1942).

It follows that section 11(d) of the act will have to be considered at some point in these proceedings to see whether the ultimate judgment is enforcible as is a judgment at law. See the Philadelphia Housing Authority case, supra.

This is not the point, however, at which anything can be said one way or the other about that. The dispute appears to concern plaintiff's right to work full time at an equal salary with that of his partners. If the ultimate judgment of the arbitrators should be a mandatory decree in the nature of an injunction, positive or negative, it may run afoul of the opinion in the Philadelphia Housing Authority case: but if it should be in the nature of a money judgment for back salary, the analogy to proceedings at law would seem to be complete. There are other possible outcomes, and I decline to act as a soothsayer and predict which one will happen. After all, defendants signed the agreement and they must be willing to follow the arbitral

procedure under the protections that the law affords. At present their objection is premature.

Their final argument is that the Act of 1927 specifically excepts contracts for personal services from its scope. So it does, in section 161, but the contract of March 15, 1946, is not a contract for personal services: Kaplan et al. v. Bagrier, 12 D. & C. 693 (1929). It concerns partners who no doubt personally try to serve their own ends and those of each other, but "personal services", as an artistic phrase, requires the idea of master and servant.

The rule is made absolute, and the court appoints, in accordance with paragraph 14(*b*) of the contract, Joseph B. Saltz, arbitrator for plaintiff, Robert Saligman, arbitrator for defendants, and H. Eugene Heine, Esq., as the third arbitrator.