**HARTMANN COAL MINING CO., Inc.,**
**v.**
**Carl L. HOKE and Joseph A. Hauptly, Individually and trading as Hoke & Hauptly.**

**Civ. A. No. 21024.**

United States District Court
E. D. Pennsylvania.

Oct. 23, 1957.

**314**

Walter Stein (of Berger & Gelman), Philadelphia, Pa., Donald B. Kipp, Newark, N. J., for plaintiff.

Edward W. Mullinix, Philadelphia, Pa., James J. Rattigan, Pottsville, Pa., for defendant.

GANEY, District Judge.

This matter is before us on defendants' motion to dismiss and plaintiff's motion for summary judgment in an action brought on July 11, 1956 to recover $10,875, the amount of an arbitration award obtained by Trader Horn Coal Co., Inc., a Pennsylvania corporation, against the defendants. The jurisdiction of this Court is invoked by reason of the diverse citizenship of the parties, plaintiff being a corporation organized under the laws of New Jersey, while the defendants are citizens of the Commonwealth of Pennsylvania.

One of the grounds for the motion to dismiss is that this Court, by virtue of 28 U.S.C. § 1359, does not have jurisdiction of the subject matter of the action here involved. That section provides: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." There is a duty on this Court, especially when its jurisdiction is challenged, to inquire into the alleged existence of facts upon which the jurisdiction of the Court has been invoked. Steinberg v. Toro, D.C.Puerto Rico 1951, 95 F.Supp. 791, 795.

On March 16, 1956, a board of three arbitrators unanimously approved an award in favor of Trader Horn Coal Co., Inc. ("Trader Horn"). Arbitration was had to settle a dispute under a strip-mine lease agreement between defendants and Trader Horn. Defendants refused to pay the award because they contended that there never was a valid existing lease agreement between them and Trader Horn. By a document dated April 26, 1956, Trader Horn purported to assign the award to plaintiff. The document stated that the assignment was being made in consideration of the sum of $1 and other good and valuable consideration. At a pre-trial deposition hearing, Waldemar Hartmann, president of plaintiff, stated that the assignment of the award was given in partial repayment of advances of money received by Trader Horn from plaintiff. Although he was unable to give the amount of the advancements and when they were given, Hartmann stated that they totaled over $10,000 and were given prior to 1955. He also stated that the assignment was made on the advice of plaintiff's attorney and accountant. When he was asked the reason they gave for advising such a transfer, he refused to answer on the ground that it would violate the privilege

of the attorney-client relationship. Hartmann owns all the stock of the plaintiff and Trader Horn, and the officers and directors of both corporations are the same.

Defendants' motion to dismiss places upon plaintiff the burden of showing that this Court has jurisdiction. McNutt v. General Motors Corp., 1936, 298 U.S. 178, 183–189, 56 S.Ct 780, 80 L.Ed. 1135. Plaintiff claims, however, that it has established the jurisdictional facts beyond any doubt by proof of the written assignment and the testimony of Hartmann concerning the consideration for the assignment at the pre-trial oral deposition hearing. We cannot agree with this claim even though it appears on the surface that the assignment was bona fide. It so happens that plaintiff's officers, agents and employees are the only people having knowledge of the facts relating to the assignment. The only way that defendants can impeach Hartmann's pre-trial deposition testimony is by their cross-examining Hartmann or plaintiff's other officers and agents. The fact that the officers and directors of plaintiff and Trader Horn are identical, and that Hartmann is the sole owner of the stock of both of these corporations, coupled with the manner in which Hartmann answered questions put to him at the oral deposition hearing gives one the impression that there is a strong likelihood that his testimony could be impeached at a trial. Under these circumstances, defendants should not be summarily cut off from their right to have a jury disbelieve Hartmann and find that Trader Horn never relinquished all rights and interest in the arbitration award, or that Trader Horn transferred the award to plaintiff for the sole purpose of being able, through the plaintiff, to bring an action on the award in a federal district court. See Steinberg v. Toro, supra, 95 F.Supp. at pages 797–798.

Defendants give as an additional reason for this Court's lack of jurisdiction the proposition that conformation and recovery of an arbitration award in Pennsylvania must be had in the proper court of common pleas of this State as required by the Arbitration Act of 1927, P.L. 381, as amended, 5 Pa.P.S. §§ 161–181. Such a proposition is not the law. The Act of 1927 is remedial only; proceedings under it are cumulative and non-exclusive. The Act did not do away with the right to bring suit to recover an arbitration award. Isaac v. Donegal & Conoy Mut. Fire Ins. Co., 1930, 301 Pa. 351, 152 A. 95; Goldstein v. International, etc., 1938, 328 Pa. 385, 394, 196 A. 43; Sukonik v. Shapiro, 1939, 333 Pa. 289, 5 A.2d 108; Lowengrup v. Meislin, 1954, 376 Pa. 463, 103 A.2d 405.

There is nothing in the record to indicate that the parties intended that arbitration was to proceed in conformity with the Act of 1927.[1] We must assume, in the absence of evidence to the contrary, that the aribitration award was one at common law.

Accordingly, decision on the motions will be withheld in order to give the plaintiff a chance to prove that this Court has jurisdiction, and the defendants an opportunity to cross-examine the officers of plaintiff and other witnesses which plaintiff may call to testify.

1. Covenant XI of the strip-mining lease, pursuant to which Trader Horn sought arbitration, provides in part as follows: "Any dispute or disagreement regarding the performance or interpretation of this agreement, or the removal, shipment and sale of strip-mine deposits shall, upon demand of either party, be submitted to a Board of Arbitrators, one of whom shall be selected by the First Party, and one by Second Party, and the third, a qualified Mining Engineer, by the two arbitrators as selected * * *. The determination of the majority of such Board of Arbitrators shall be final and binding upon the parties."