John A. Robbins Company, Inc., Appellant, *v.* Airportels, Inc.

Argued April 28, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

258

reargument refused June 21, 1965.

*Henry W. Maxmin,* with him *Myron Jacoby,* and *Jacoby & Maxmin,* for appellant.

*John Dorfman,* with him *Philip Dorfman,* and *Dorfman, Pechner, Sacks & Dorfman,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 25, 1965:

This is an appeal from an order of the lower court sustaining defendant-appellee's preliminary objections and dismissing plaintiff's complaint. In 1958, Robbins, Inc. agreed to do some building for Airportels, Inc. The agreement provided:

"Art. 40. Arbitration—All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects, and this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other."

Disputes arose which were submitted to a board of arbitrators. At the outset of the hearing before the arbitrators counsel for Airportels stated that his client was participating in the hearing under the Arbitration Act of 1927, Act of April 25, 1927, P. L. 381, §1, 5 P.S. §161 et seq., and intended to preserve any rights it had under the Act. Counsel for Robbins, Inc. refused to stipulate that the Act of 1927 applied to the proceedings. The arbitrators made an award in favor of Robbins. Robbins demanded payment from Airportels but was refused. Thereafter, Robbins, plaintiff-appellant, brought suit on the award and demanded a judgment against Airportels, defendant-appellee. The latter preliminarily objected upon the grounds that the Arbitration Act of 1927 provided the exclusive method for the enforcement of the award and that Robbins' suit to enforce the award was premature because, under the Act, Airportels had three months to appeal from the award, which period had not expired. The lower court sustained the objections and dismissed the complaint.

The narrow question is whether the arbitrators' award should be treated as a common law award or one which is governed by the Act of 1927. The question is important, because, as the cases indicate, the scope of judicial review of a common law award differs from the review accorded to an award under the Act of 1927: *Freeman v. Ajax Foundry Products, Inc.*, 398 Pa. 457, 159 A. 2d 708 (1960), per curiam affirmance on the opinion in 20 Pa. D. & C. 2d 128 (1959); *Philadelphia Housing Authority v. Turner Construction Company*, 343 Pa. 512, 23 A. 2d 426 (1942); *A. J. Curtis and Company v. D. W. Falls, Inc.*, 305 F. 2d 811 (3d Cir. 1962). Further, in other situations, e.g., when an arbitrator is disqualified, *J. M. Davis Company v. Shaler Township*, 332 Pa. 134, 2 A. 2d 708 (1938), or when only two out of three arbitrators sign the award, *Sukonik v. Shapiro*, 333 Pa. 289, 5 A. 2d

108 (1939), the legal consequences differ depending upon whether the common law or the Act of 1927 is held to apply. Thus, within the permissible confines of our prior decisions, the principles applicable to the determination of the present issue should be set forth clearly so that parties may rationally plan their conduct.

It is well settled that the Arbitration Act of 1927 did not abolish the applicability of common law rules to the enforcement of agreements to arbitrate and awards rendered under such agreements; the purpose of the Act was to provide what the Legislature deemed a more efficient method of enforcing arbitration agreements and awards than was provided by the common law. *Freeman v. Ajax Foundry Products, Inc.,* supra; *Rosenbaum v. Drucker,* 346 Pa. 434, 31 A. 2d 117 (1943) ; *Sukonik v. Shapiro,* supra; *Isaac v. Donegal & Conoy Mutual Fire Ins. Co.,* 301 Pa. 351, 152 Atl. 95 (1930) ; *A. J. Curtis and Company v. D. W. Falls, Inc.,* supra. Therefore, the parties *may* provide, *in their agreement to arbitrate,* either that the common law or the Act of 1927 shall be applicable to the enforceability of that agreement or awards rendered under it.

The exception to this rule is provided in §16 of the Arbitration Act of 1927, supra, 5 P.S. §176. Here the Legislature has made it mandatory that the Act of 1927 shall apply to arbitration agreements to which "the Commonwealth of Pennsylvania, or any agency or subdivision thereof, or any municipal corporation or political division of the Commonwealth shall be a party." *Philadelphia Housing Authority v. Turner Construction Company,* supra; *Seaboard Surety Company v. Commonwealth,* 345 Pa. 147, 27 A. 2d 27 (1942) ; *Monte v. Southern Delaware County Authority,* 212 F. Supp. 604 (1963).

A problem arises, in cases not governed by §16, when the arbitration agreement itself is not determina-

tive of the issue of whether the common law or the Act of 1927 is applicable. *J. M. Davis Company v. Shaler Township,* supra, contained the sweeping language that "[w]hen the parties entered into the arbitration agreement . . . they ipso facto embodied in that agreement all of the provisions of the Arbitration Act." The language was not applied by this Court in the following year in *Sukonik v. Shapiro,* supra, or thereafter. In *Lowengrub v. Meislin,* 376 Pa. 463, 103 A. 2d 405 (1954), we pointed out that the *J. M. Davis Company* case had been "limited" by later cases. And, in *Philadelphia Housing Authority v. Turner Construction Company,* supra, *J. M. Davis Company* was cited as a case involving a "public" contract, where, as described above, §16, *does* "write" the Arbitration Act into the parties' agreement. Thus, the sweeping language of *J. M. Davis Company* can no longer be considered good authority outside the area of "public" contracts. Rather, the import of the cases is that when the agreement to arbitrate is not by itself determinative of the issue then common law rules regulate the enforcement of the agreement and the award, unless, subsequent to the agreement, the parties, expressly or by implication, further agree that the Act of 1927 shall govern. See *Harwitz v. Selas Corporation of America,* 406 Pa. 539, 178 A. 2d 617 (1962); *Freeman v. Ajax Foundry Products, Inc.,* supra; *Hartmann Coal Mining Co. v. Hoke,* 157 F. Supp. 313 (E.D. Pa. 1957); *A. J. Curtis and Company v. D. W. Falls, Inc.,* supra. This must now be taken as the settled rule.

Appellee cites *Rosenbaum v. Drucker,* supra, and *Freeman v. Ajax Foundry Products,* supra, for the proposition that if *either* party attempts to follow the Arbitration Act in any particular then the Act is applicable. These cases, like *Sukonik v. Shapiro,* supra, held that in the circumstances presented the Act of 1927 was not applicable. In so holding it was noted,

in all of these cases, that *neither* of the parties had attempted to follow the Act in any particular. But these observations were perfectly consistent with the rule that *both* parties would be required to *agree* to make the Act applicable and made the holdings in these cases an a fortiori conclusion. Appellee does not cite and we do not know of any case where the unilateral act of one of the parties made the Act of 1927 applicable.

Accordingly, in the instant case, since the agreement to arbitrate does not itself determine whether the Act of 1927 or common law rules are controlling (compare this agreement with the one in *Freeman*, supra), and since there is no evidence that both parties subsequently agreed, either expressly or by implication, to apply the Act, common law rules must control the enforcement of the award.

Order reversed and complaint reinstated with a procedendo.