## In re Common Law Arbitration

*D. Barry Gibbons,* for petitioner.
*Ronald H. Silverman,* for respondent.

BLOOM, *J.,* January 6, 1982—The matter now before this court is a petition by the Delaware County Community College Authority to have this court review an arbitration award based upon an alleged error of law by the arbitrators.

The instant matter grew out of a contract between Van Cor, Inc. and the Delaware County Community College Authority whereby Van Cor was to perform site work and general construction at the physical plant of Delaware County Community College. The contract contained a provision to arbitrate any disputes arising out of the contract. The arbitration clause reads as follows:

"All claims, disputes and other matters in question arising out of, or relating to, this contract or the breach thereof, except as set forth in subparagraph 2.29 with respect to the architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided in sub-

paragraph 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final and judgment may be entered upon it in accordance with applicable law in any Court having jurisdiction thereof."

A subsequent dispute arose concerning the college withholding the $54,986.37 allegedly due to Van Cor. On February 22, 1979, Van Cor submitted a claim for the above amount to the American Arbitration Association.

Hearings were held on May 2, 1980 and August 20, 1980. On September 5, 1980, the Board of Arbitrators issued an award against the college and in favor of Van Cor in the amount of $54,986.37 plus interest from August 1, 1974.

The college now asks this court to review the award based on an alleged error of law. Van Cor alleges that this court cannot review the award, absent a showing of fraud, as this was a common law arbitration. The college contends that the arbitration was statutory and the court, therefore, has broad powers to review the award.

The issue to be decided is, was the arbitration common law or statutory.

The law in the Commonwealth is well settled that if the arbitration is common law, the court may review the award only for fraud, misconduct or some other irregularity which caused the arbitrators to issue an unjust, inequitable, and unconscionable award. See, Com. v. Burns, 197 Pa. Superior Ct. 282, 178 A. 2d 619 (1961). Likewise our Su-

preme Court, in John A. Robbins Company, Inc. v. Airportels, Inc., 418 Pa. 257, 261, 210 A. 2d 896 (1965) has held that "when the agreement to arbitrate is not by itself determinative of the issue then common law rules regulate the enforcement of the agreement, and the award, unless, subsequent to the agreement, the parties, expressly or by implication, further agree that the Act of 1927 shall govern." Further, the United States Court of Appeals for the Third Circuit, in La Vale Plaza Inc., 378 F. 2d 569 (3d Cir. 1967), in applying Pennsylvania law, held that where the parties did not provide affirmatively for application of Pennsylvania Statute adopting Uniform Arbitration Act, the parties to an arbitration intend that the common law principles prevail.

The college contends since the agreement to arbitrate contained the clause that the agreement to arbitrate shall be specifically enforceable under prevailing arbitration law, that this then becomes statutory arbitration. This very type of language was contained in the Robbins, supra, case and our Supreme Court said this does not take the matter out of common law arbitration.

The Supreme Court having already determined that this type of language does not remove an issue from common law arbitration, we next look to see if the parties agreed to have the matter governed by statutory arbitration principles.

The college contends that the former attorney for Van Cor agreed to have statutory principles apply when he stated in a letter that the Pennsylvania Rules of Civil Procedure would apply. This court can find nothing to substantiate that position. A close reading of the letter indicates that the former counsel realized that the matter was quite intricate and much discovery would be needed by both par-

ties. This court cannot read this letter as an agreement to abide by statutory principles. Accordingly, we must find that this matter was governed by common law arbitration principles and that absent fraud or other similar misconduct, this court is powerless to review the award.

The college does not allege any wrongdoing which would allow us to review the award. We note that we have found no wrongdoing.

Lastly, we consider Van Cor's position that the attorney's fee be awarded. We dismiss this idea since the action by the college was not done in bad faith nor was it vexatious.

Therefore, we enter the following

### ORDER

And now, January 6, 1982, after hearing and review of brief submitted by respective counsel, it is hereby ordered and decreed that:

1. The petition of Delaware County Community College for review of the arbitration award is denied.

2. The arbitration award in faver of Van Cor, Inc. is ratified.