# North Braddock Borough, Appellant, v. Corey.

*Arbitration—Setting aside award—Equity.*

A bill in equity to set aside an award of arbitrators on the ground that the arbitrators had not given the complainant notice of their meeting, and an opportunity to defend, is properly dismissed, since the complainant may set up the want of notice in defense in an action on the award, and has therefore a complete and adequate remedy at law.

*Equity—Jurisdiction—Doubtful case—Remedy at law—Fraud.*

Where the complainant in a bill in equity charges fraud, and it is not clear that the complainant has not a case cognizable in equity, until failure of proof as to the fraud alleged, the appellate court will dismiss the bill, although the question of jurisdiction was not raised by the pleadings, nor at the original hearing in the court below.

Argued Nov. 7, 1902. Appeal, No. 182, Oct. T., 1902, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1900, No. 310, dismissing bill in equity in case of North Braddock Borough v. J. B. Corey. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction. Before SHAFER, J.

*Error assigned* was in dismissing bill for want of jurisdiction.

*J. Rodgers McCreery,* with him *W. B. Rodgers,* for appellant. —The absence of jurisdiction in equity at most is doubtful and the question was raised too late: People's Nat. Bank v. Loeffert, 184 Pa. 164; Sunbury & Erie R. R. Co. v. Cooper, 33 Pa. 278; Kane v. Schuylkill Fire Ins. Co., 199 Pa. 198; Fidelity Co. v. Weitzel, 152 Pa. 498; Williams v. Concord Congregational Church, 193 Pa. 120; Searight v. Carlisle Deposit Bank, 162 Pa. 504; Drake v. Lacoe, 157 Pa. 17; Adams's Appeal, 113 Pa. 449.

*J. H. Beal,* with him *J. H. Reed, Edwin W. Smith* and *George E. Shaw,* for appellee, cited: Morse on Arbitration, pp. 618, 620; Mickles v. Thayer, 96 Mass. 114.

OPINION BY MR. JUSTICE FELL, January 5, 1903:

The bill was to set aside an award on the grounds that the

arbitrators had not given the borough notice of their meetings, and an opportunity to defend; and that they had made an award without hearing any testimony on the matter in controversy; and that the award was grossly unjust and excessive, being more than six times the amount of the damage actually sustained. The case went to trial on all of these allegations. The court found that the award was not so excessive as to indicate misconduct on the part of the arbitrators in making it; and that the arbitrators in proceeding without formal notice and without regular hearings acted on what appeared to be an understanding between them and the members of council on the subject, but that the action of these members did not amount to a waiver by the borough of notice of the meetings, and did not estop it from asserting the invalidity of the award. The bill was dismissed for the reason that as the borough could set up the want of notice in defense in an action on the award, it has a complete and adequate remedy at law.

The question of jurisdiction was not raised by the pleadings nor at the hearing, but was fully argued on exceptions to the findings of the court. While the bill did not in terms charge fraud, the misconduct alleged was so gross as to amount to fraud, and until the testimony was closed and the question of fraud was eliminated, it was by no means clear that the plaintiff had not a case cognizable in equity. In doubtful cases where the question of jurisdiction could have been raised at the beginning of the proceeding, and the defendant has voluntarily proceeded on the merits, we have refused to set aside decrees. But this case is not within these decisions, as it was not apparent that there was not ground for equitable jurisdiction until there was a failure of proof as to the fraud alleged.

The decree is affirmed at the cost of the appellant.