**A. J. CURTIS AND COMPANY,**
Appellant,

v.

**D. W. FALLS, INC., and Farnsworth & Chambers Co., Inc., Appellees.**

Nos. 13775, 13801.

United States Court of Appeals Third Circuit.

Argued April 23, 1962.

Decided Aug. 13, 1962.

Charles C. Keller, Washington, Pa. (Peacock, Keller & Yohe, Ralph W. Peacock, Washington, Pa., on the brief), for appellant.

Gwilym A. Price, Jr., J. Tomlinson Fort, Pittsburgh, Pa. (Owen B. Marron, Albuquerque, N. M., Austin Wilson, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., Gregg & Price, Pittsburgh, Pa., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellees.

Before HASTIE, FORMAN and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This matter came before the court below on the appellant's petition and amended petition to vacate or modify an arbitration award, and the answers thereto filed by the appellees. These appeals are from the dismissal of the said petitions. We do not reach the questions raised as to the validity of the award. We are of the opinion, upon our review of the entire record, that the court below lacked jurisdiction to entertain the petitions.

The parties to this litigation entered into a written contract under which they undertook to engage in a commercial enterprise in the State of Pennsylvania. The agreement contains the following clause:

"9) Any and all disputes or controversies arising from or out of the Joint Venture relationship of the parties hereto shall be settled by arbitration; each party to appoint an arbitrator, and the arbitrators so appointed to unanimously select a fourth and fifth, who shall be entirely disinterested; and a decision by the majority to be final and binding upon the parties hereto. If either party shall fail to appoint an arbitrator after ten days written notice by others, the arbitrators selected by such other parties may select three disinterested parties, and the judgment of majority shall be binding upon the parties as above set forth. The total number of arbitrators shall be five."

It must be noted that the parties failed to specify that the arbitration proceedings were to be conducted under the Pennsylvania Arbitration Act of 1927, 5 P.S. § 161 et seq.

When the venture failed to prosper and dissolution was agreed upon, the parties were apparently unable to agree as to the settlement of their accounts. The controversies were submitted to arbitration pursuant to the terms of the agreement. The arbitrators met on several occasions, heard testimony, received documentary evidence, and thereupon made an award in which only a majority concurred. A dissenting opinion, prepared by one of the minority and concurred in by the other, was submitted after the award had been made. The award, ac-

companied by other pertinent documents, was filed by the chairman of the arbitrators with the Prothonotary of the Court of Common Pleas of Washington County, Pennsylvania. There was no action taken in the said court by either the appellant or the appellees.

The appellant, on February 2, 1960, filed a petition for removal, alleging the commencement of a proceeding in the Court of Common Pleas of Washington County, Pennsylvania, diversity of citizenship among the parties, and an amount in controversy in excess of ten thousand dollars. An order of removal was entered on the same day. An original petition to modify or vacate the award was filed by the appellant in the District Court on February 23, 1960. The appellant was granted leave to file an amended petition on October 27, 1960, after the entry of an order of remand by this Court. After a hearing on the merits the original petition, as amended, was dismissed.

### NATURE OF ARBITRATION PROCEEDINGS

The petition for removal alleged: "The subject and purpose of this Petition * * * is the application of such further proceedings as are authorized under the Arbitration Law of Pennsylvania, Act of April 25, 1927, * * * Section 1, et seq., (5 P.S. [§] 161 et seq.)." The appellant here argues, as it did in the District Court, that the submission to arbitration was under the said Act, and that its right to vacate or modify the award is governed by Sections 10 and 11 thereof, 5 P.S. §§ 170 and 171. We do not agree with this argument. We are of the opinion, for the reasons hereinafter discussed, that the award in the instant case was a common law award to which the statutory provisions were not applicable.

■■ The only reference to the law of Pennsylvania is contained in clause 12 of the contract, which provides: "All questions relative to the execution, validity, interpretation and performance of this agreement shall be governed by the laws of * * * Pennsylvania." Absent any specific reference to the Act, this clause cannot be construed as an agreement by the parties that the arbitration would be in conformity with the statute, particularly where, as here, the statutory requirements were not observed. Where it appears from the record that the parties to an arbitration agreement failed to observe the statutory procedure, the award is treated as one under the common law. Freeman v. Ajax Foundry Products, Inc., 398 Pa. 457, 159 A.2d 708 (1960); Capecci v. Joseph Capecci, Inc., 392 Pa. 32, 139 A.2d 563 (1958); Rosenbaum v. Drucker, 346 Pa. 434, 31 A.2d 117 (1943); Isaac v. Donegal & Conoy Mut. Fire Ins. Co., 301 Pa. 351, 152 A. 95 (1930). This is so even though the agreement is within the scope of the Act. Ibid.

■ The statute reserves to the party aggrieved by an arbitration award a right to move to vacate or modify the award on any one or more of several grounds. Sections 10 and 11 of the Act, supra. The statutory remedy is not available to a party to a common law arbitration. Freeman v. Ajax Foundry Products, Inc., supra. This rule, clearly established by the cited case, is also implicit in the cases hereinabove cited. A common law award is enforceable only in an action at law in which the usual defenses of fraud, corruption, misconduct, etc., are available to the aggrieved party. Capecci v. Joseph Capecci, Inc., supra; Reading Tube Corp. v. Steel Workers Federation, 173 Pa.Super. 274, 98 A.2d 472 (1953). However, the aggrieved party may enjoin enforcement of the award by a suit in equity where the remedy at law is inadequate. See Lackawanna Iron & S. v. Lackawanna & W. V. R. Co., 299 Pa. 503, 149 A. 702 (1930); North Braddock Borough v. Corey, 205 Pa. 35, 54 A. 486 (1903)

### REMOVABILITY AND JURISDICTION

■ The right of removal is governed by Section 1441 of Title 28 U.S.C.A., the pertinent provisions of which read as follows: " * * * any civil action brought in a State court of which the dis-

trict courts of the United States have original jurisdiction, may be removed by the defendant * * *, to the district court of the United States for the district * * * embracing the place where such action is pending." It is well established that prerequisite to the right of removal is the State court's jurisdiction of a pending civil action of which the district court has concurrent jurisdiction. The statutory requirement was absent in the instant case.

There was no civil proceeding, either statutory or common law, pending in the State court when the petition for removal was filed. However, there was a more serious obstacle to removal. The statutory remedy, invoked by the appellant after removal, would not have been available in a similar proceeding in the State court because of its lack of jurisdiction. The summary remedy provided under Sections 10 and 11 of the Act, supra, is peculiarly adaptable to statutory awards. The courts lack jurisdiction to afford relief under the said sections, absent compliance with the procedural requirements of the statute.

██ The lack of jurisdiction in the State court was fatal to the jurisdiction of the district court. The jurisdiction of a federal court on removal is, in a limited sense, derivative. "Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." Minnesota v. United States, 305 U.S. 382, 389, 59 S.Ct. 292, 83 L.Ed. 235 (1939) and the cases therein cited. The jurisdictional defect was not cured by the acquiescence of the parties in the proceeding before the district court. Chicago, B. & O. Ry. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521 (1911).

██ There was an additional obstacle to removal. The district court lacked the original jurisdiction essential to removal. The jurisdiction of the district court to entertain a petition to vacate or modify an arbitration award is governed by the United States Arbitration Act. 9 U.S.C.A. §§ 1 to 14. The summary remedy provided under sections 10 and 11 of the said Act is available only where the arbitration clause is contained in a maritime contract or "a contract evidencing a transaction involving commerce." See Bernhardt v. Polygraphic Co., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956). The contract in the instant case evidences neither a maritime transaction nor a transaction involving commerce.

The judgment of the District Court will be reversed and the proceeding will be remanded with directions that (1) the order of September 20, 1961, be vacated; (2) the petition to modify or vacate the arbitration award be dismissed for want of jurisdiction; and (3) the record of the arbitration proceeding be remanded to the office of the Prothonotary of the Common Pleas Court of Washington County, from which it was improvidently removed.